Brian J. Barry (SBN #135631)
LAW OFFICE OF BRIAN BARRY
1925 Century Park East, Suite 21000
Los Angeles, California 90067
Telephone: (310) 788-0831
Facsimile: (310) 788-0841
Email: bribarry1@yahoo.com

[Additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| JORGE SALHUANA, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>   v.<br><br>DIAMOND FOODS, INC., MICHAEL J. MENDES, and STEVEN M. NEIL,<br><br>Defendants. | Civil No. 3:11-cv-05386-WHA<br><br>**NOTICE OF MOTION AND MOTION OF KIVUN MUTUAL FUNDS, LTD. AND ANDREW RECKLES FOR CONSOLIDATION AND APPPOINTMENT AS LEAD PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: February 23, 2012<br>TIME: 2:00 p.m.<br>JUDGE: Honorable William H. Alsup<br>CTRM: 8 – 19th Floor |
| RICHARD MITCHEM, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>   v.<br><br>DIAMOND FOODS, INC., MICHAEL J. MENDES, and STEVEN M. NEIL,<br><br>          Defendants. | Civil No. 3:11-cv-05399-WHA |
| STEWART WOODWARD, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff, | Civil No. 3:11-cv-05409-WHA |

NOTICE OF MOTION AND MOTION OF KIVUN MUTUAL FUNDS, LTD. AND ANDREW RECKLES FOR CONSOLIDATION AND APPPOINTMENT AS LEAD PLAINTIFF.

<table>
<tr><td>

v.

DIAMOND FOODS, INC., MICHAEL J. MENDES, and STEVEN M. NEIL,

                    Defendants.
</td><td></td></tr>
</table>

| | |
|---|---|
| GARY RALL and MARION RALL, On Behalf of Themselves and All Others Similarly Situated, <br><br>                   Plaintiff, <br><br> v. <br><br> DIAMOND FOODS, INC., MICHAEL J. MENDES, and STEVEN M. NEIL, <br><br>                   Defendants. | Civil No. 3:11-cv-05457-WHA |
| GARY SIMON, Individually and on Behalf of All Others Similarly Situated, <br><br>                   Plaintiff, <br><br> v. <br><br> DIAMOND FOODS, INC., MICHAEL J. MENDES, and STEVEN M. NEIL, <br><br>                   Defendants. | Civil No. 3:11-cv-05479-WHA |
| HENRY J. MACFARLAND, Individually and on Behalf of All Others Similarly Situated, <br><br>                   Plaintiff, <br><br> v. <br><br> DIAMOND FOODS, INC., MICHAEL J. MENDES, and STEVEN M. NEIL, <br><br>                   Defendants. | Civil No. 3:11-cv-05615-WHA |

NOTICE OF MOTION AND MOTION OF KIVUN MUTUAL FUNDS, LTD. AND ANDREW RECKLES FOR CONSOLIDATION AND APPPOINTMENT AS LEAD PLAINTIFFS.
Case No. 3:11-cv-05386-WHA

**NOTICE OF MOTION AND MOTION**

**TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Kivun Mutual Funds, Ltd. ("Kivun") and Andrew Reckles ("Reckles"), by and through their counsel, will and do hereby move this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), on February 23, 2012 at 2:00 p.m., or as soon thereafter as the matter can be heard in the courtroom of the Honorable William Alsup, in Courtroom 8 at the United States District Court for the Northern District of California, situated at 450 Golden Gate Avenue, San Francisco, California, 94102, for an Order (attached hereto as Exhibit A): (i) consolidating the Related Actions filed in this Court; (ii) appointing Kivun and Reckles as Lead Plaintiffs on behalf of all persons that purchased or otherwise acquired Diamond Foods, Inc. ("Diamond" or the "Company") securities; and (iii) granting such other and further relief as the Court may deem just and proper.  In support of this Motion, Kivun and Reckles submit a Memorandum of Points and Authorities and the Declaration of Brian J. Barry and exhibits attached hereto, the pleadings and other filings herein and such other written and oral arguments as may be presented to the Court.

This Motion is made on the grounds that Kivun and Reckles are the most adequate plaintiffs, as defined by the PSLRA, based on their loss of $83,597, which was suffered as a result of defendants' wrongful conduct as alleged in the above-referenced actions. Further, Kivun and Reckles satisfy the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as their claims are typical of other Class members' claims and will fairly and adequately represent the interests of the Class.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   STATEMENT OF ISSUES TO BE DECIDED**

Presently pending before the Court are six securities class actions lawsuits[1] (the "Related Actions") brought on behalf of all persons who purchased or otherwise acquired Diamond securities. Each raise substantially similar allegations: that defendants violated Sections 10(b) and 20(a) of the Exchange Act and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions prior to selecting a plaintiff to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar issues of law and fact.

Also pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant who possesses the largest financial interest in the outcome of the Action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, Kivun and Reckles, with a total loss of $83,597 in connection with their purchases of Diamond securities during the Class Period, are adequate and typical to serve as lead plaintiffs. Kivun and Reckles believe that they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiffs for these actions. Kivun and Reckles have the largest financial interest in the relief sought in these actions by

---

[1] The actions are entitled: *Salhuana v. Diamond Foods, Inc.*, 3:11-cv-05386-WHA; *Mitchem v. Diamond Foods, Inc.*, 3:11-cv-05399-WHA; *Woodward v. Diamond Foods, Inc.*, 3:11-cv-05409-WHA; *Rall v. Diamond Foods, Inc.*, 3:11-cv-05457-WHA; *Simon v. Diamond Foods, Inc.*, 3:11-cv-05479-WHA; and *MacFarland v. Diamond Foods, Inc.*, 3:11-cv-05386-WHA. The *Salhuana; Woodward;* and *Rall* actions are on behalf of all persons who purchased or otherwise acquired Diamond Foods securities between April 5, 2011 and November 1, 2011. The *Mitchem; Simon;* and *MacFarland* actions are on behalf of all persons who purchased or otherwise acquired Diamond Foods securities between December 9, 2010 and November 4, 2011 (the "Class Period"). For the purpose of determining the lead plaintiff, it is proper to use "the longer, most inclusive class period … as it encompasses more potential class members." *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp.2d 398, 402 (S.D.N.Y. 2006). *See also HCL Partners Limited P'ship. V. Leap Wireless Int'l., Inc.*, 2008 U.S. Dist. LEXIS 43615, at *4 n.2 (S.D. Cal. May 22, 2008) (using the longest class period to determine the lead plaintiff.).

NOTICE OF MOTION AND MOTION OF KIVUN MUTUAL FUNDS, LTD. AND ANDREW RECKLES FOR CONSOLIDATION AND APPPOINTMENT AS LEAD PLAINTIFFS.
Case No. 3:11-cv-05386-WHA

3

virtue of their substantial investment in Diamond securities during the Class Period and the loss they suffered as a result of Defendants' misconduct. Kivun and Reckles further satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure as adequate class representatives with claims typical of the other Class members. Accordingly, Kivun and Reckles respectfully submit that they should be appointed Lead Plaintiffs.

## II.   STATEMENT OF FACTS

Diamond is a packaged food company focused on building, acquiring brands including, Kettle Chips, Emerald snack nuts, Pop Secret popcorn, and Diamond of California snack and culinary nuts.

Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company overstated its earnings by improperly accounting for certain crop payments to walnut growers; (2) the Company's acquisition of Pringles snack business would be delayed; (3) the Company lacked adequate internal and financial controls; and (4) as a result of the foregoing, the Company's financial results were materially false and misleading at all relevant times.

On November 1, 2011, the Company disclosed that the Chairman of the Audit Committee received an external communication regarding Diamond's accounting for certain crop payments to walnut growers. As a result, the Company delayed the acquisition of the Pringles snack business from The Procter & Gamble Company for at least six months. On this news, Diamond shares declined $11.33 per share, or 17.6%, to close at $52.79 per share on November 2, 2011.

On November 3, 2011, *The Wall Street Journal* reported, among other things, that the "investigation centers around the timing of a recent payment to walnut growers for their 2011 crop" and that at least one of the improper payments is estimated at $50 million. As a result, the stock declined $6.39 per share or 12% in two trading sessions, to close at $46.40 per share on November 4, 2011.

NOTICE OF MOTION AND MOTION OF KIVUN MUTUAL FUNDS, LTD. AND ANDREW RECKLES FOR CONSOLIDATION AND APPPOINTMENT AS LEAD PLAINTIFFS.
Case No. 3:11-cv-05386-WHA

4

On November 5, 2011, *Barron's* published an article stating that had the Company "properly booked costs for fiscal 2011… it would've earned as little as $1.14 a share," instead of the reported earnings for fiscal year 2011 of $2.61 per share, before noncash charges and expenses.  On this news, the stock fell $7.31 per share or 16%, to close at $39.09 per share on November 7, 2011.

## III.    ARGUMENT

### A.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED

On November 8, 2011, the first of the six above-captioned actions against Diamond was filed in this Court. These Related Actions allege the same factual events and name similar defendants. Further, the complaints allege similar legal bases for their claims: Sections 10(b) and 20(a) of the Exchange Act. In sum, the Related Actions involve common questions of fact and law. Accordingly, pursuant to Fed. R. Civ. P. 42(a), the Related Actions may be consolidated for all purposes.

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would avoid unnecessary cost or delay in adjudication:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays.

Fed. R. Civ. P. 42(a). *See also Manuel for Complex Litig. (3d),* 20.123, at 13-14 (1995).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," *see* 15 U.S.C. 78u-4(a)(3)(A)(ii), and did not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a). *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150-51 (N.D. Cal. 1999). Under the traditional principles of consolidation, complaints may be consolidated regardless of whether the individual claims or causes of action are identical.  As one court has recently noted, "neither Rule 42 nor the PSLRA demands that the actions be identical." *Takeda v. Turbodyne Techs. Inc.*, 67

F.Supp.2d 1129, 1133 (C.D. Cal. 1999). Indeed, it has long been routine in federal securities actions to consolidate such complaints, and considered prejudicial to defendants not to consolidate such actions. *See, e.g., Fields v. Wolfson*, 41 F.R.D. 329, 330 (S.D.N.Y. 1967).

As noted above, here, the allegations in the Related Actions are based on the same underlying facts and events and charge the same core defendants with violations of the federal securities laws.

The consolidation of these actions will expedite pretrial proceedings, reduce duplication, avoid contacting of parties and witnesses for inquiries in multiple proceedings and minimize the expenditure of time and money by all persons concerned.  Also, consolidation will reduce the confusion and delay that may result from prosecuting these related class action cases separately.  Further, defendants have not pointed to any prejudice that they would suffer as a result of the consolidation of these actions. Thus, the motion by Kivun and Reckles to consolidate the Related Actions should be granted.

### B.  KIVUN AND RECKLES SHOULD BE APPOINTED LEAD PLAINTIFFS FOR THE CLASS

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by a class member in response to a  published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint a lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See Erikson v. Cornerstone Propane Partners LP*, 2003 U.S. Dist. LEXIS 18009, at *8-*9 (N.D. Cal. Sept. 9, 2003); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *11 (C.D. Cal. Apr. 26, 2001).

As set forth below, Kivun and Reckles satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Lead Plaintiffs for the Class.

### 1. Kivun and Reckles Are Willing to Serve as Class Representatives

On November 7, 2011, counsel in the first filed action against the defendants caused a notice to be published pursuant to Section 21D(a)(3)(A)(i) of the PSLRA announcing that a securities class action had been filed against the defendants herein, and investors of Diamond had until January 6, 2012, to file a motion to be appointed as Lead Plaintiff. *See* Barry Decl., Exhibit A.

Kivun and Reckles have filed the instant motion pursuant to the Notice and have attached Certifications attesting to their willingness to serve as class representatives for the Class and to provide testimony at depositions and trial, if necessary. *See* Barry Decl., Exhibit B. Accordingly, Kivun and Reckles satisfy the first requirement to serve as Lead Plaintiffs for the Class.

### 2. Kivun and Reckles Have the Largest Financial Interest in the Action

As noted above, the PSLRA establishes a rebuttable presumption that the most adequate plaintiff is the "person" or "group of persons" who "has the largest financial interest in the relief sought by the class," and who also satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). This presumption can only be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique

NOTICE OF MOTION AND MOTION OF KIVUN MUTUAL FUNDS, LTD. AND ANDREW RECKLES FOR CONSOLIDATION AND APPPOINTMENT AS LEAD PLAINTIFFS.
Case No. 3:11-cv-05386-WHA

7

defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002).

As of the time of the filing of this motion, Kivun and Reckles believe that they have the largest financial interest of any movants in the relief sought by the Class.  During the Class Period, (1) Kivun purchased 1,500 shares of Diamond securities; (2) expended $114,630 on its purchases of Diamond securities; (3) retained 1,000 share of its Diamond securities at the end of the Class Period; and (4) as a result of the revelations of the fraud, Kivun suffered a loss of $38,639.  During the Class Period, (1) Reckles purchased 2,000 shares of Diamond securities; (2) expended $149,665 on his purchases of Diamond securities; (3) sold all of his Diamond shares; and (4) as a result of the revelations of the fraud, Reckles suffered a loss of $44,958.  Collectively, Kivun and Reckles suffered a loss of $83,597. *See* Barry Decl., Exhibit C. S*ee also In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 993 (N.D. Cal. 1999); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). Because Kivun and Reckles possess the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.  Kivun and Reckles Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA requires that the lead plaintiff must satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-(a)(3)(B)(iii)(I)(cc). With respect to the claims of a class representative, Rule 23(a) requires that (1) the class be so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) such claims are typical of those of the class; and (4) the representative will fairly and adequately protect the interests of the class. For purposes of a motion to appoint lead plaintiff pursuant to the PSLRA, however, all that is required is a "preliminary showing" that the lead plaintiff's claims are typical and adequate.  *Aronson*, 79 F.

Supp. 2d at 1158 (citing *Wenderhold v. Cylink Corp.*, 188 F.R.D.577, 587 (N.D. Cal. 1999)). *See Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal. 2005).

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). "A class is typical if it arises from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory." *Id.* Indeed, the "similarity of legal theory may control even where factual distinctions exist between the claims of the named representatives and the other class members." *Id.* *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9h Cir. 1992) (The typicality requirement serves to "assure that the interest of the named representative aligns with the interests of the class.").

Kivun and Reckles' claims are typical of those of the Class. Kivun and Reckles allege, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Diamond, or omitted to state material facts necessary to make the statements not misleading. Kivun and Reckles, as did all members of the Class, purchased Diamond securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosures of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Fed. R. Civ. P. 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

NOTICE OF MOTION AND MOTION OF KIVUN MUTUAL FUNDS, LTD. AND ANDREW RECKLES FOR CONSOLIDATION AND APPPOINTMENT AS LEAD PLAINTIFFS.
Case No. 3:11-cv-05386-WHA

9

*Takeda*, 67 F. Supp. 2d at 1137 (citing *In re Northern Dist. Of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)). *Accord Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).  The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Takeda*, 67 F. Supp. 2d at 1137 (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)).

 Kivun and Reckles are adequate representatives for the Class. There is no antagonism between their interests and those of the Class and their losses demonstrate that they have sufficient interest in the outcome of this litigation.

### 4.  Kivun and Reckles Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing the Kivun and Reckles as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Kivun and Reckles' ability and desire to fairly and adequately represent the Class have been discussed above. Kivun and Reckles are not aware of any unique defenses Defendants could raise that would render them inadequate to represent the Class. Thus, Kivun and Reckles should be appointed Lead Plaintiffs for the Class.

### **CONCLUSION**

WHEREFORE, Kivun and Reckles respectfully request that the Court issue an order: (1) consolidating the related actions; (2) appointing Kivun and Reckles as Lead Plaintiffs for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

Dated: January 6, 2012

Respectfully submitted,

**LAW OFFICE OF BRIAN BARRY**

By: *s/ Brian J. Barry*
Brian J. Barry
1925 Century Park East, Suite 21000
Los Angeles, California 90067
Telephone: (310) 788-0831
Facsimile: (310) 788-0841

**POMERANTZ HAUDEK**
**GROSSMAN & GROSS LLP**
Marc I. Gross
Jeremy A. Lieberman
100 Park Avenue
New York, New York 10017
Telephone:     (212) 661-1100
Facsimile:     (212) 661-8665

**POMERANTZ HAUDEK**
**GROSSMAN & GROSS LLP**
Patrick V. Dahlstrom
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:     (312) 377-1181
Facsimile:     (312) 377-1184

Counsel for Movants and Proposed Lead Counsel and Liaison Counsel for the Class

NOTICE OF MOTION AND MOTION OF KIVUN MUTUAL FUNDS, LTD. AND ANDREW RECKLES FOR CONSOLIDATION AND APPPOINTMENT AS LEAD PLAINTIFFS.
Case No. 3:11-cv-05386-WHA

11

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO NORTHEN DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 45**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1925 Century Park East, Suite 2100, Los Angeles, California 90067.

On January 6, 2012, I caused to be served the following documents:

**NOTICE OF MOTION AND MOTION OF KIVUN MUTUAL FUNDS, LTD. AND ANDREW RECKLES FOR CONSOLIDATION AND APPPOINTMENT AS LEAD PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**[PROPOSED] ORDER**

By posting these documents to the ECF Website of the United States District Court for the Northern District of California, for receipt electronically by the parties as reflected on the attached Court's Service Lists.

And on the following non-ECF registered party:

Jeffrey Block
Jason M. Leviton
Block & Leviton LLP
155 Federal Street
Suite 1303
Boston, MA 02110

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 6, 2012, at Los Angeles, California.

I also hereby certify that I caused an electronic copy of the foregoing documents to be forwarded via email to the following Designated Internet Site, in compliance with Civil L.R. 23-2(c)(2):

Securities Class Action Clearinghouse
Stanford University School of Law
Crown Quadrangle
Stanford, CA 94305-8612
scac@law.stanford.edu

*s/ Brian J. Barry*
Brian J. Barry

## Mailing Information for a Case 3:11-cv-05386-WHA

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennifer Corinne Bretan**
  jbretan@fenwick.com,mbafus@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com

- **Lionel Z. Glancy**
  info@glancylaw.com

- **Michael M. Goldberg**
  info@glancylaw.com

- **Dean S. Kristy**
  dkristy@fenwick.com,kayoung@fenwick.com,cprocida@fenwick.com

- **Susan Samuels Muck**
  smuck@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com,cprocida@fenwick.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com

- **Mark Punzalan**
  mpunzalan@finkelsteinthompson.com,arivas@finkestienthompson.com,bassad@finkelsteinthompson.com,ttien@finkelsteinthompson.com,jdito@fi

- **Casey Edwards Sadler**
  csadler@glancylaw.com

- **James John Varellas , III**
  jvarellas@fenwick.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Mailing Information for a Case 3:11-cv-05399-WHA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Daniel E. Barenbaum**
  dbarenbaum@bermandevalerio.com

- **Jennifer Corinne Bretan**
  jbretan@fenwick.com,mbafus@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com

- **Dean S. Kristy**
  dkristy@fenwick.com,kayoung@fenwick.com,cprocida@fenwick.com

- **Susan Samuels Muck**
  smuck@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com,cprocida@fenwick.com

- **Anthony David Phillips**
  aphillips@bermandevalerio.com,ysoboleva@bermandevalerio.com

- **Joseph J. Tabacco , Jr**
  jtabacco@bermandevalerio.com,ysoboleva@bermandevalerio.com

- **James John Varellas , III**
  jvarellas@fenwick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Mailing Information for a Case 3:11-cv-05409-WHA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Arthur Nash Bailey , Jr**
  abailey@hausfeldllp.com,celder@hausfeldllp.com

- **Jennifer Corinne Bretan**
  jbretan@fenwick.com,mbafus@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com

- **Dean S. Kristy**
  dkristy@fenwick.com,kayoung@fenwick.com,cprocida@fenwick.com

- **Michael P. Lehmann**
  mlehmann@hausfeldllp.com

- **Susan Samuels Muck**
  smuck@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com,cprocida@fenwick.com

- **Whitney E. Street**
  wstreet@blockesq.com

- **James John Varellas , III**
  jvarellas@fenwick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Jeffrey          Block
Block & Leviton LLP
155 Federal Street
Suite 1303
Boston, MA 02110

Jason            M. Leviton
Block & Leviton LLP
155 Federal Street
Suite 1303
Boston, MA 02110
```

## Mailing Information for a Case 3:11-cv-05457-WHA

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennifer Corinne Bretan**
  jbretan@fenwick.com,mbafus@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com

- **Dean S. Kristy**
  dkristy@fenwick.com,kayoung@fenwick.com,cprocida@fenwick.com

- **Susan Samuels Muck**
  smuck@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com,cprocida@fenwick.com

- **Mark Punzalan**
  mpunzalan@finkelsteinthompson.com,arivas@finkestienthompson.com,bassad@finkelsteinthompson.com,ttien@finkelsteinthompson.com,jdito@fi

- **James John Varellas , III**
  jvarellas@fenwick.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Mailing Information for a Case 3:11-cv-05479-WHA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennifer Corinne Bretan**
  jbretan@fenwick.com,mbafus@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com

- **Dean S. Kristy**
  dkristy@fenwick.com,kayoung@fenwick.com,cprocida@fenwick.com

- **Susan Samuels Muck**
  smuck@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com,cprocida@fenwick.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **James John Varellas , III**
  jvarellas@fenwick.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Mailing Information for a Case 3:11-cv-05615-WHA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennifer Corinne Bretan**
  jbretan@fenwick.com,mbafus@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com

- **Robert S. Green**
  CAND.USCOURTS@CLASSCOUNSEL.COM

- **Dean S. Kristy**
  dkristy@fenwick.com,kayoung@fenwick.com,cprocida@fenwick.com

- **Susan Samuels Muck**
  smuck@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com,cprocida@fenwick.com

- **James John Varellas , III**
  jvarellas@fenwick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Mailing Information for a Case 3:11-cv-05692-WHA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ian David Berg**
  iberg@aftlaw.com

- **Takeo A Kellar**
  tkellar@aftlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)