LIONEL Z. GLANCY (#134180)
MICHAEL GOLDBERG (#188669)
PETER A. BINKOW (#173848)
ROBERT V. PRONGAY (#270796)
GLANCY BINKOW & GOLDBERG LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:    (310) 201-9150
Facsimile:    (310) 201-9160
info@glancylaw.com

*Attorneys for Movant Laurie Trombella*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO

| | |
|---|---|
| JORGE SALHUANA, Individually and on Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>   v.<br><br>DIAMOND FOODS, INC., MICHAEL J. MENDES, and STEVEN M. NEIL,<br><br>                  Defendants. | No. C 11-05386 WHA<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION OF LAURIE TROMBELLA FOR CONSOLIDATION OF RELATED ACTIONS AND APPOINTMENT AS LEAD PLAINTIFF; MEMORANDUM IN SUPPORT THEREOF**<br><br>Date: February 23, 2012<br>Time: 2:00 p.m.<br>Courtroom 8-19th Floor<br>Honorable William Alsup |

*[Captions Continue On Following Pages]*

| | |
|---|---|
| RICHARD MITCHEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND FOODS, INC., MICHAEL J. MENDES, and STEVEN M. NEIL,<br><br>Defendants. | No. C 11-05399 WHA |
| STEWART WOODWARD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND FOODS, INC., MICHAEL J. MENDES, and STEVEN M. NEIL,<br><br>Defendants. | No. C 11-05409 WHA |
| GARY RALL and MARION RALL, On Behalf Of Themselves and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND FOODS, INC., MICHAEL J. MENDES, and STEVEN M. NEIL,<br><br>Defendants. | No. C 11-05457 WHA |
| GARY SIMON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND FOODS, INC., MICHAEL J. MENDES, and STEVEN M. NEIL,<br><br>Defendants. | No. C 11-05479 WHA |

| | |
|---|---|
| HENRY MACFARLAND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND FOODS, INC., MICHAEL J. MENDES, and STEVEN M. NEIL,<br><br>Defendants. | No. C 11-05615 WHA |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, that on February 23, 2012, at 2:00 p.m., or as soon thereafter as the matter can be heard, in the courtroom of the Honorable William Alsup, situated at 450 Golden Gate Avenue, 19th Floor, San Francisco, California, lead plaintiff movant Laurie Trombella (hereinafter "Movant") will move, and hereby does move, for entry of an Order (a) consolidating the above-captioned related actions and (b) appointing Movant as lead plaintiff.

Movant seeks consolidation of the related actions pursuant to Federal Rule of Civil Procedure 42(a) and appointment as lead plaintiff pursuant to the Securities Exchange Act of 1934, (the "Exchange Act"), the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). This motion is based on this Notice, the attached memorandum of points and authorities, the Declaration of Peter A. Binkow in Support of Motion of Laurie Trombella for Consolidation of Related Actions and Appointment as Lead Plaintiff (the "Binkow Declaration") and the Court's complete files and records in this action, as well as such further argument as the Court may allow at the hearing on this motion.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Proposed lead plaintiff Laurie Trombella respectfully submits the following memorandum of points and authorities in support of her motion for consolidation of related actions and appointment as lead plaintiff.

## I.  FACTUAL BACKGROUND

This is a securities class action on behalf of all purchasers of the securities of Diamond Foods, Inc. ("Diamond" or the "Company") between December 9, 2010 and November 4, 2011,[1] inclusive (the "Class Period"), against Diamond and certain of its executive officers for violations of the Securities Exchange Act of 1934 (the "Exchange Act").

Diamond was incorporated in Delaware in 2005, as the successor to Diamond Walnut Growers, Inc., a member-owned California agricultural cooperative association, and engages in processing, marketing and distributing snack products.  Diamond enters into exclusive purchase agreements with walnut growers for their crops.  Under these agreements the walnut growers deliver their entire walnut crop to the Company during the fall harvest season and the Company determines the minimum price for the crops by March 31, or later, of the following calendar year.  The Company represents that it determines the purchase price in good faith, considering market conditions, crop size, quality, and nut varieties, among other relevant factors.  Because the ultimate price to be paid by Diamond to the walnut growers is determined subsequent to receiving the walnut crop, the Company estimates the cost of the walnuts for its interim financial statements.

On April 5, 2011, the Company announced that it was going to acquire the Pringles snack business from The Procter & Gamble Company, in a transaction anticipated to close by December 2011.

---

[1] This is the longest class period alleged in the above-captioned actions, as defined by the *Mitchem* and *MacFarland* complaints. *See Miller v. Dyadic Intern., Inc.*, No. 07-80948-CIV, 2008 WL 2465286, at **3-4 (S.D. Fla. April 18, 2008) ("the longest, most inclusive class period is appropriate at this stage in the litigation because 'it encompasses more potential class members.'") (citation omitted). The *Salhuana*, *Woodward*, *Rall* and *Simon* actions allege a shorter class period beginning April 5, 2011 and ending November 4, 2011.

On or around September 25, 2011, Off Wall Street Consulting Group – an equity research firm for hedge funds – issued a report questioning Diamond's accounting practices with respect to walnut purchases. Subsequently, on September 27, 2011, *The Wall Street Journal* ("WSJ") reported that as walnut prices surged for the 2010 crop, Diamond actually paid growers much less than most buyers. Further, the WSJ disclosed that on September 2, 2011, after the close of its fiscal year ended July 31, 2011, Diamond made an unusual extra "momentum" payment to growers, which if made prior to July 31, 2011 would have substantially reduced the $93 million in operating income Diamond had previously reported for the 2011 fiscal year.

Then, on November 1, 2011, Diamond disclosed that the Pringles acquisition would be delayed until the first half of 2012 by an internal investigation regarding payments to walnut growers. According to the Company, the investigation was prompted by the Chairman of the Audit Committee following receipt of an external communication regarding Diamond's accounting for certain crop payments to walnut growers.

On this news, the Company's share price declined $11.33, or 17.67%, to close on November 2, 2011, at $52.79 per share, on unusually heavy trading volume.

The complaints on file in this action allege that throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose: (1) that the Company was underestimating the ultimate price to be paid to walnut growers; (2) that the Company was improperly accounting for its cost of sales; (3) that, as a result, the Company's financial results were overstated; (4) that the Company lacked adequate internal and financial controls; (5) that, as a result of the foregoing, the Company's financial statements were materially false and misleading at all relevant times; and (6) that, as a result of the foregoing, the Company's positive statements about Diamond Foods' business, operations, and prospects, as well as those regarding the timetable for the Pringles acquisition, lacked a reasonable basis. Plaintiffs allege

that as a result of defendants' false and misleading statements, Diamond shares traded at artificially inflated prices during the Class Period.

## II.    PROCEDURAL HISTORY

Plaintiff Jorge Salhuana commenced the first of the above-captioned related actions on November 7, 2011 (the "Salhuana Action"), and on that day counsel for Salhuana published a notice of the pendency of the action on *Business Wire*.

In addition to the Salhuana Action, five related actions subsequently were filed in this District, naming the same defendants and alleging the same factual events and the same legal bases for the claims (collectively, the "Related Actions")[2] and each is reflected above in the caption of this document.

Movant brings the instant motion for, *inter alia*, appointment as lead plaintiff in the Related Actions, and files this motion prior to expiration of the 60-day period from publication of plaintiff Salhuana's November 7, 2011 notice.

## III.   ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is proper when actions involve common questions of law and fact.  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).  The Court has broad discretion under this Rule to consolidate cases pending within its District.  *Id.*

The Related Actions present similar factual and legal issues, as they involve the same subject matter, and present the same legal issues.  Each alleges the same violations of federal securities laws and is based on the same wrongful course of conduct.  Each names the Company and certain of its officers and/or directors as defendants.  Because the Related Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery

---

[2] *See* this Court's Order dated December 21, 2011 (D.E. 4).

and similar class certification issues will be relevant to the Related Actions.  Accordingly, consolidation under Rule 42(a) is appropriate.

**B.     Movant Should Be Appointed Lead Plaintiff**

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. §78u-4(a)(3)(B).  The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

    (aa)    has either filed the complaint or made a motion in response to a notice. . . ;

    (bb)    in the determination of the Court, has the largest financial interest in the relief sought by the class; and

    (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

As set forth below, Laurie Trombella satisfies all three of these criteria and thus is entitled to the presumption that she is the "most adequate plaintiff" for the Class.

**1.     Movant Is Making a Motion in Response to a Notice**

Plaintiff Jorge Salhuana commenced the first of Related Actions on November 7, 2011, and on that day, pursuant to §21D(a)(3)(A)(I) of the PSLRA, plaintiff's counsel caused to be published a notice of pendency of the Salhuana Action, announcing that a securities class action had been filed against defendants herein, and advising purchasers of Diamond securities that they had 60 days from November 7, 2011, to file a motion to be appointed as lead plaintiff.  *See* Binkow Declaration, Exhibit A.  Movant files the instant motion pursuant to plaintiff Salhuana's published notice, and files herewith Movant's sworn certification attesting that she is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if

1   necessary.  *See* Binkow Declaration, Exhibit B.  Movant therefore satisfies the requirement of

2   either filing a complaint or making a motion in response to a published notice.  *See* 15 U.S.C.

3   §78u-4(a)(3)(B)(i).

4   **2.      Movant Has the Largest Financial Interest in this Action**

5   The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate

6   plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the

7   relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). During the Class Period, Movant

8   purchased 5,383 shares of Diamond stock at prices alleged to be artificially inflated by

9   defendants' materially false and misleading statements and omissions and, as result, suffered

10  financial losses of $202,549.75.  *See* Binkow Declaration, Exhibit C.

11  To the best of her knowledge, Movant believes that she has the largest known financial

12  interest in this case of any Class member who timely filed an application for appointment as

13  lead plaintiff, and thus satisfies the largest financial interest requirement to be appointed as lead

14  plaintiff for the Class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(bb).

15  **3.      Movant Satisfies the Requirements of Fed. R. Civ. P. 23**

16  Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to

17  possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must

18  "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule

19  23(a) provides that a party may serve as a class representative if the following four requirements

20  are satisfied:

21  (1) the class is so numerous that joinder of all members is impracticable, (2) there
22  are questions of law or fact common to the class, (3) the claims or defenses of the
23  representative parties are typical of the claims or defenses of the class, and (4) the
24  representative parties will fairly and adequately protect the interest of the class.

25  Fed. R. Civ. P. 23(a).

26  In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the

27  Court need not raise its inquiry to the level required in ruling on a motion for class certification.

28

A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *In re Cavanaugh,* 306 F.3d 726, 730 (9th Cir. 2002).   Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification.   *City of Harper Woods Employees Retirement System v. AXT, Inc.,* No. C 04-04362 MJJ, 2005 WL 318813, at *3 (N.D. Cal. Feb. 7, 2005) ("When a court assesses a lead plaintiff motion, the inquiry should be focused on the typicality and adequacy requirements of Rule 23").

### a.     Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory.  *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

Here, Movant's claims are typical of the claims asserted by the Class.  Movant, like all members of the Class, alleges that defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning Diamond's business, operations and financial prospects.  Movant, like all of the members of the Class, purchased Diamond shares during the Class Period at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby.  Thus, Movant's claims are closely aligned with other Class members', and they are, therefore, typical of the other members of the Class.

### b.     Movant Is an Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interest of the class."  Accordingly:

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs. Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (*citing In re Northern Dist of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)). The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Takeda,* 67 F. Supp. 2d at 1137 (citation omitted).

Movant has demonstrated her adequacy as lead plaintiff and a strong desire to prosecute this action on behalf of the Class, and has shown that she is willing and able to take an active role in and control the litigation. Movant has communicated with experienced counsel concerning this case and has made this motion to be appointed lead plaintiff. Movant is not aware of any antagonism between her interests and those of other Class members. Moreover, Movant has sustained substantial financial losses – in excess of $202,000 – from her investments in Diamond stock and is, therefore, extremely motivated to pursue the claims in this action.

### 4.    Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)  will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

The presumption that Laurie Trombella is the most adequate lead plaintiff is not, therefore, subject to rebuttal. Movant believes that she has the largest financial interest in this case among Class members who timely filed motions for appointment as lead plaintiff. *See* Binkow Declaration, Exhibit C. Movant's ability to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against her that would render Movant inadequate to represent the Class. In addition, Movant has selected competent and experienced counsel to represent her in this action. *See Richardson v.*

1  *TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4-*5 (N.D. Cal. April 16, 2007)

2  ("The adequacy requirement is met if there are no conflicts between the representative and class

3  interests and the representative's attorneys are qualified, experienced, and generally able to

4  conduct the litigation").   Accordingly, Movant Laurie Trombella should be appointed lead

5  plaintiff for the Class.

6  **IV.   CONCLUSION**

7       For the foregoing reasons, Movant respectfully asks the Court to grant her motion and

8  enter an Order (a) consolidating the Related Actions, (b) appointing Laurie Trombella as lead

9  plaintiff, and granting such other relief as the Court may deem just and proper.

10  Dated: January 6, 2012                    Respectfully submitted,

11

12                                            GLANCY BINKOW & GOLDBERG LLP

13                                            By:   */s/ Peter A. Binkow*

14                                            Lionel Z. Glancy
                                              Michael Goldberg
15                                            Peter A. Binkow
                                              Robert v. Prongay
16                                            1801 Avenue of the Stars, Suite 311
                                              Los Angeles, California 90067
17                                            Telephone:  (310) 201-9150
                                              Facsimile:   (310) 201-9160
18
                                              *Attorneys for Movant Laurie Trombella*
19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO NORTHEN DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 45**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court.  I am over the age of 18 and not a party to the within action.  My business address is 1925 Century Park East, Suite 2100, Los Angeles, California  90067.

On January 6, 2012, I caused to be served the following documents:

**1.      NOTICE OF MOTION AND MOTION OF LAURIE TROMBELLA FOR CONSOLIDATION OF RELATED ACTIONS AND APPOINTMENT AS LEAD PLAINTIFF; MEMORANDUM IN SUPPORT THEREOF**

**2.      DECLARATION OF PETER A. BINKOW IN SUPPORT OF MOTION OF LAURIE TROMBELLA FOR CONSOLIDATION OF RELATED ACTIONS AND APPOINTMENT AS LEAD PLAINTIFF; MEMORANDUM IN SUPPORT THEREOF**

**3.      [PROPOSED] ORDER GRANTING MOTION OF LAURIE TROMBELLA FOR CONSOLIDATION OF RELATED ACTIONS AND APPOINTMENT AS LEAD PLAINTIFF**

By posting these documents to the ECF Website of the United States District Court for the Northern District of California, for receipt electronically by the parties as reflected on the attached Court's Service Lists.

And on the following non-ECF registered party:

Jeffrey Block
Jason M. Leviton
Block & Leviton LLP
155 Federal Street
Suite 1303
Boston, MA 02110

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service.  I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I hereby certify that I caused an electronic copy of the foregoing documents to be forwarded via email to the following Designated Internet Site, in compliance with Civil L.R. 23-2(c)(2):

Securities Class Action Clearinghouse
Stanford University School of Law
Crown Quadrangle
Stanford, CA 94305-8612
scac@law.stanford.edu

---

CERTIFICATE OF SERVICE

1    I certify under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.  Executed on January 6, 2012, at Los Angeles, California.

3                                 *s/Peter A. Binkow*
                                  Peter A. Binkow
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Mailing Information for a Case 3:11-cv-05386-WHA

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennifer Corinne Bretan**
  jbretan@fenwick.com,mbafus@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com

- **Lionel Z. Glancy**
  info@glancylaw.com

- **Michael M. Goldberg**
  info@glancylaw.com

- **Dean S. Kristy**
  dkristy@fenwick.com,kayoung@fenwick.com,cprocida@fenwick.com

- **Susan Samuels Muck**
  smuck@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com,cprocida@fenwick.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com

- **Mark Punzalan**
  mpunzalan@finkelsteinthompson.com,arivas@finkestienthompson.com,bassad@finkelsteinthompson.com,ttien@finkelsteinthompson.com,jdito@fi

- **Casey Edwards Sadler**
  csadler@glancylaw.com

- **James John Varellas , III**
  jvarellas@fenwick.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Mailing Information for a Case 3:11-cv-05399-WHA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Daniel E. Barenbaum**
  dbarenbaum@bermandevalerio.com

- **Jennifer Corinne Bretan**
  jbretan@fenwick.com,mbafus@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com

- **Dean S. Kristy**
  dkristy@fenwick.com,kayoung@fenwick.com,cprocida@fenwick.com

- **Susan Samuels Muck**
  smuck@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com,cprocida@fenwick.com

- **Anthony David Phillips**
  aphillips@bermandevalerio.com,ysoboleva@bermandevalerio.com

- **Joseph J. Tabacco , Jr**
  jtabacco@bermandevalerio.com,ysoboleva@bermandevalerio.com

- **James John Varellas , III**
  jvarellas@fenwick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Mailing Information for a Case 3:11-cv-05409-WHA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Arthur Nash Bailey , Jr**
  abailey@hausfeldllp.com,celder@hausfeldllp.com

- **Jennifer Corinne Bretan**
  jbretan@fenwick.com,mbafus@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com

- **Dean S. Kristy**
  dkristy@fenwick.com,kayoung@fenwick.com,cprocida@fenwick.com

- **Michael P. Lehmann**
  mlehmann@hausfeldllp.com

- **Susan Samuels Muck**
  smuck@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com,cprocida@fenwick.com

- **Whitney E. Street**
  wstreet@blockesq.com

- **James John Varellas , III**
  jvarellas@fenwick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Jeffrey          Block
Block & Leviton LLP
155 Federal Street
Suite 1303
Boston, MA 02110

Jason            M. Leviton
Block & Leviton LLP
155 Federal Street
Suite 1303
Boston, MA 02110
```

## Mailing Information for a Case 3:11-cv-05457-WHA

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennifer Corinne Bretan**
  jbretan@fenwick.com,mbafus@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com

- **Dean S. Kristy**
  dkristy@fenwick.com,kayoung@fenwick.com,cprocida@fenwick.com

- **Susan Samuels Muck**
  smuck@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com,cprocida@fenwick.com

- **Mark Punzalan**
  mpunzalan@finkelsteinthompson.com,arivas@finkestienthompson.com,bassad@finkelsteinthompson.com,ttien@finkelsteinthompson.com,jdito@fi

- **James John Varellas , III**
  jvarellas@fenwick.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`

# Mailing Information for a Case 3:11-cv-05479-WHA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennifer Corinne Bretan**
  jbretan@fenwick.com,mbafus@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com

- **Dean S. Kristy**
  dkristy@fenwick.com,kayoung@fenwick.com,cprocida@fenwick.com

- **Susan Samuels Muck**
  smuck@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com,cprocida@fenwick.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **James John Varellas , III**
  jvarellas@fenwick.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Mailing Information for a Case 3:11-cv-05615-WHA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennifer Corinne Bretan**
  jbretan@fenwick.com,mbafus@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com

- **Robert S. Green**
  CAND.USCOURTS@CLASSCOUNSEL.COM

- **Dean S. Kristy**
  dkristy@fenwick.com,kayoung@fenwick.com,cprocida@fenwick.com

- **Susan Samuels Muck**
  smuck@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com,cprocida@fenwick.com

- **James John Varellas , III**
  jvarellas@fenwick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Mailing Information for a Case 3:11-cv-05692-WHA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ian David Berg**
  iberg@aftlaw.com

- **Takeo A Kellar**
  tkellar@aftlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)