1  CHITWOOD HARLEY HARNES LLP
   Robert W. Killorin (to be admitted *pro hac vice*)
2  James M. Wilson Jr. (to be admitted *pro hac vice*)
   Ze'eva K. Banks (to be admitted *pro hac vice*)
3  2300 Promenade II
   1230 Peachtree Street, N.E.
4  Atlanta, Georgia 30309
   Tel:   (404) 873-3900
5  Fax:   (404) 876-4476
   RKillorin@chitwoodlaw.com
6  JWilson@chitwoodlaw.com                    LIEFF CABRASER HEIMANN &
   ZBanks@chitwoodlaw.com                       BERNSTEIN LLP
7                                              Richard M. Heimann
   GRANT & EISENHOFER P.A.                     Joy A. Kruse
8  James J. Sabella (to be admitted *pro hac vice*)  275 Battery Street, 29th Floor
   485 Lexington Avenue                        San Francisco, California 94111- 3339
9  New York, New York 10017                    Tel: (415) 956-1000
   Tel:   (646) 722-8500                       Fax: (415) 956-1008
10 Fax:   (646) 722-8501                       rheimann@lchb.com
   jsabella@gelaw.com                          jkruse@lchb.com
11
   Attorneys for Proposed Lead Plaintiff Mississippi   Local Counsel for Proposed Lead Plaintiff
12 Public Employees' Retirement System         Mississippi Public Employees' Retirement
                                               System
13
                    UNITED STATES DISTRICT COURT
14
                   NORTHERN DISTRICT OF CALIFORNIA
15
                       SAN FRANCISCO DIVISION
16

17 JORGE SALHUANA, Individually and on    Case No.: 11-cv-05386-WHA
   behalf of all others similarly situated,
18                                         NOTICE OF MOTION AND MOTION OF THE
                    Plaintiff,             MISSISSIPPI PUBLIC EMPLOYEES'
19                                         RETIREMENT SYSTEM FOR
   v.                                      CONSOLIDATION AND APPOINTMENT OF
20                                         LEAD PLAINTIFF; MEMORANDUM OF
   DIAMOND FOODS, INC., MICHAEL J.         POINTS AND AUTHORITIES IN SUPPORT
21 MENDES, and STEVEN M. NEIL,            THEREOF

22                  Defendants.
                                           Date:   February 23, 2012
23                                         Time:  2:00 p.m.
                                           Courtroom: 8, 19th Floor
24                                         Judge: Hon. William H. Alsup

25 (*caption continued on following page*)

26

27

28

Notice of Motion and Motion of the Mississippi Public Employees Retirement System for     No. 11-cv-05386-WHA, 11-cv-0539 et al.
Consolidation and Appointment as Lead Plaintiff; Memorandum of Points and Authorities in
Support Thereof.

| | | |
|---|---|---|
| 1 | RICHARD MITCHEM, Individually and on behalf of all others similarly situated, | Case No.: 11-cv-05399-WHA |
| 2 | | |
| | Plaintiff, | |
| 3 | | |
| | v. | |
| 4 | | |
| | DIAMOND FOODS, INC., MICHAEL J. MENDES, and STEVEN M. NEIL, | |
| 5 | | |
| 6 | Defendants. | |
| 7 | STEWART WOODWARD, Individually and on behalf of all others similarly situated, | Case No.: 11-cv-05409-WHA |
| 8 | | |
| 9 | Plaintiff, | |
| 10 | v. | |
| 11 | DIAMOND FOODS, INC., MICHAEL J. MENDES, and STEVEN M. NEIL, | |
| 12 | | |
| 13 | Defendants. | |
| 14 | GARY RALL and MARION RALL, On behalf of themselves and all others similarly situated, | Case No.: 11-cv-05457-WHA |
| 15 | | |
| 16 | Plaintiffs, | |
| 17 | v. | |
| 18 | DIAMOND FOODS, INC., MICHAEL J. MENDES, and STEVEN M. NEIL, | |
| 19 | Defendants. | |
| 20 | GARY SIMON, Individually and on behalf of all others similarly situated, | Case No.: 11-cv-05479-WHA |
| 21 | | |
| 22 | Plaintiff, | |
| 23 | v. | |
| 24 | DIAMOND FOODS, INC., MICHAEL J. MENDES, and STEVEN M. NEIL, | |
| 25 | Defendants. | |
| 26 | | |
| 27 | | |
| 28 | | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HENRY J. MACFARLAND, Individually
and on behalf of all others similarly
situated,

                Plaintiff,

v.

DIAMOND FOODS, INC., MICHAEL J.
MENDES, and STEVEN M. NEIL,

                Defendants.

Case No.: 11-cv-05615-WHA

Notice of Motion and Motion of the Mississippi Public Employees Retirement System for
Consolidation and Appointment as Lead Plaintiff; Memorandum of Points and Authorities in
Support Thereof.　　　　　　　　　　　No. 11-cv-05386-WHA, 11-cv-0539 et al.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **TABLE OF CONTENTS**

**PAGE NO.**

Table of Authorities ................................................................................................................ii

NOTICE OF MOTION AND MOTION ................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 2

I.   STATEMENT OF ISSUES ................................................................ 2

II.   STATEMENT OF FACTS AND PROCEDURAL BACKGROUND.....................…..4

III.  ARGUMENT…........................................................................................…….…..8

    A.  The Related Actions Should Be Consolidated for Efficiency...................................... 8

    B.  Mississippi PERS Should Be Appointed Lead Plaintiff ............................................ 9

        1.     Mississippi PERS Believes It Has the Largest
              Financial Interest in the Relief Sought by the Class .................................. 9

        2.     Mississippi PERS Otherwise Satisfies the Rule
              23 Requirements ....................................................................... 11

    IV.  CONCLUSION......................................................................................... 14

1

## **TABLE OF AUTHORITIES**

2

**CASES**                                                                                                **PAGE NO.**

3

*Armour v. Network Assocs.*, 171 F. Supp. 2d 1044 (N.D. Cal. 2001) ...................................... 14

4

*Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146 (N.D. Cal. 1999) ............................. 8

5

*Bowman v. Legato Sys.*, 195 F.R.D. 655 (N.D. Cal. 2000)....................................................... 14

6

*Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140, 2008 WL 3925289
    (N.D. Cal. Aug. 22, 2008)................................................................................................... 3

7

*Ferrari v. Gish*, 225 F.R.D. 599 (C.D. Cal. 2004)................................................................... 13

8

*Gluck v. Cellstar Corp.*, 976 F. Supp. 542 (N.D. Tex. 1997).................................................. 14

9

*Hanon v. Dataproducts Corp.*, 976 F.2d 497 (9th Cir. 1992).................................................. 11

10

*In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428 (S.D. Tex. 2010) ........................................... 3

11

*In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298
    (S.D. Ohio 2005)............................................................................................................... 14

12

*In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002) ................................................................. 9, 11

13

*In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001)......................................................... 9

14

*In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161
    (C.D. Cal. 1976)................................................................................................................. 8

15

*In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...................................... 10

16

*Investors Research Co. v. United States District Court*, 877 F.2d 777
    (9th Cir. 1989).................................................................................................................... 8

17

*Johnson v. Celotex Corp.*, 899 F.2d 1281 (2d Cir. 1990) ........................................................ 9

18

*Lax v. First Merchs. Acceptance Corp.*, No. C 2715, 1997
    WL 461036 (N.D. Ill. Aug. 11, 1997) ........................................................................... 9, 10

19

*Perez-Funez v. District Dir., Immigration & Naturalization Serv.*,
    611 F. Supp. 990 (C.D. Cal. 1984) ................................................................................... 8

20

*Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Corp.*,
    256 F.R.D. 620 (E.D. Wis. 2009) ..................................................................................... 3

21

*Richardson v. TVIA, Inc.*, No. 06-07307, 2007 WL 1129344,
    (N.D. Cal. Apr. 16, 2007)....................................................................................... 10, 11, 12

22

23

24

25

26

27

28

Notice of Motion and Motion of the Mississippi Public Employees Retirement System for Consolidation and Appointment as Lead Plaintiff;
Memorandum in Support Thereof.  No. 11-cv-05386-WHA, 11-cv-0539 et al.

ii

*Ruland v. Infosonics Corp.*, No. 06-CV-1231, 2006 WL 3746716,
    (S.D. Cal. Oct. 23, 2006) ............................................................................. 13

*Schwartz v. Harp*, 108 F.R.D. 279 (C.D. Cal. 1985) ............................................. 11

*Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627
    (D.N.J. 2002) ........................................................................................... 14

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ............................................. 12

*Takeda v. Turbodyne Techs, Inc.*, 67 F. Supp. 2d 1129
    (C.D. Cal. 1999) ..................................................................................... 8, 9

## STATUTES AND RULES

15 U.S.C. § 78u-4 ............................................................................... passim

Fed. R. Civ. P. 23 .............................................................................. passim

Fed. R. Civ. P. 42(a) ......................................................................... passim

15 U.S.C. § 78j(b) .................................................................................... 3

15 U.S.C. § 78t(a) .................................................................................... 3

17 C.F.R. §240.10b-5 ............................................................................. 3

## OTHER

H.R. REP. NO. 104-369 (1995) (Conf. Rep.) ......................................... 14

S. REP. NO. 104-98 (1995) .................................................................. 14

Notice of Motion and Motion of the Mississippi Public Employees Retirement System for Consolidation and Appointment as Lead Plaintiff;
Memorandum in Support Thereof. No. 11-cv-05386-WHA, 11-cv-0539 et al.

iii

## NOTICE OF MOTION AND MOTION

TO:     ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on February 23, 2012 at 2:00 p.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable William H. Alsup, United States District Court, Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California 94102, the Mississippi Public Employees' Retirement System ("Mississippi PERS" or "Movant") will, and hereby does, move this Court pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), for an order (1) consolidating the above-captioned related actions pursuant to Fed. R. Civ. P. 42(a)[1] and (2) appointing Mississippi PERS as Lead Plaintiff to represent all those who purchased or otherwise acquired Diamond Food Inc. securities during the Class Period pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4.[2]

This motion is made on the grounds that Mississippi PERS is the "most adequate plaintiff" pursuant to the Exchange Act. *See* 15 U.S.C. § 78u-4(a)(3)(B). In addition, Mississippi PERS meets the requirements of Federal Rule of Civil Procedure 23(a) because its claims are typical of other Class members' claims and because it will fairly

---

[1] On January 3, 2012, this Court issued an Order to Show Cause why the six above-captioned cases should not be consolidated under Rule 42(a) of the Federal Rules of Civil Procedure. *See* Docket No. 18. For the reasons discussed below, Mississippi PERS agrees that the above-captioned cases should be consolidated and does not object to the Court's January 3, 2012 order.

[2] Pursuant to this Court's January 5, 2012 Order (*See* Docket No. 22), Mississippi PERS is deferring its application to appoint its counsel Chitwood Harley Harnes LLP ("Chitwood") and Grant & Eisenhofer P.A. ("G&E") as co-lead counsel for the class of all those who purchased or otherwise acquired Diamond Food Inc. securities during the Class Period. At the appropriate time as directed by the Court, Mississippi PERS will move for an order approving Mississippi PERS' selection of Chitwood Harley Harnes LLP and Grant & Eisenhofer P.A. as Co-Lead Counsel and Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser") as Local Counsel.

Notice of Motion and Motion of the Mississippi Public Employees Retirement System for Consolidation and Appointment as Lead Plaintiff; Memorandum in Support Thereof. No. 11-cv-05386-WHA, 11-cv-0539 et al.

1

and adequately represent the class.

This Notice of Motion and Motion is based upon the Memorandum of Points and Authorities in support thereof, the Declaration of James M. Wilson, Jr., the pleadings and files herein, and such other written or oral argument as may be presented to the Court.  A Proposed Order is also submitted herewith.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Movant the Mississippi Public Employees' Retirement System ("Mississippi PERS" or "Movant") respectfully submits this Memorandum of Points and Authorities in Support of the Motion of the Mississippi Public Employees Retirement System for Consolidation and Appointment as Lead Plaintiff.  Mississippi PERS is responsible for the management of pension assets in excess of $17.2 billion for approximately 295,000 of Mississippi's current and retired employees.

## I.   STATEMENT OF ISSUES

Presently pending in this District are at least six related securities fraud class action lawsuits (the "Related Actions")[3] filed against Diamond Foods, Inc. ("Diamond" or the "Company") and certain of its officers (collectively hereinafter "Defendants") on behalf of the purchasers of Diamond securities during the period December 9, 2010 through November 4, 2011, inclusive (the "Class Period").[4]  Each action alleges violations

---

[3] Movant is filing identical lead plaintiff papers in each of the six above-captioned cases using the first-filed case number, 11-cv-05386-WHA.  Pursuant to the Related Case Order dated December 21, 2011, all six actions, as well as the derivative action *Board of Trustees of City of Hialeah Employees' Retirement System v. Mendes*, 11-cv-05692-WHA, are deemed related and assigned to the Honorable Judge William Alsup.  An additional derivative action, *Lucia v. Baer*, 11-cv-06417-JSC, was filed on December 19, 2011. A stipulation and motion to relate the *Lucia* case was filed on January 6, 2012.

[4] December 9, 2010 through November 4, 2011, inclusive, is the longest class period alleged in a complaint against Diamond.  *See Mitchem v. Diamond Foods, Inc.*, 11-cv-05399-WHA; *Simon v. Diamond Foods, Inc.*, 11-cv-05479-WHA; *MacFarland v. Diamond Foods, Inc.*, 11-05615-WHA.  While other complaints allege class periods of April 5, 2011 through November 1, 2011, the longest class period alleged is used for the

*Footnote continued on next page*

of the federal securities laws under Sections 10(b) and 20(a) of the Exchange Act, 15

U.S.C. §§ 78j(b) and 78t(a), and SEC Rule 10b-5 promulgated under Section 10(b), 17

C.F.R. § 240.10b-5.

Mississippi PERS first seeks to consolidate these Related Actions pursuant to Rule

42(a) of the Federal Rules of Civil Procedure.  Under the PSLRA, prior to selecting a lead

plaintiff, the Court must decide whether to consolidate the Related Actions.  *See* 15 U.S.C.

§ 78u-4(a)(3)(B)(ii).  On January 3, 2012, this Court issued an Order to Show Cause why

the six above-captioned cases should not be consolidated under Rule 42(a) of the Federal

Rules of Civil Procedure.  *See* Docket No. 18.  Mississippi PERS agrees that the above-

captioned cases should be consolidated.  Each action asserts substantially the same claims

against the same defendants and raises substantially the same questions of law and fact.

Also, each of these cases alleges violations of Sections 10(b) and 20(a) of the Exchange

Act.  Thus, all of the prerequisites for consolidation under Rule 42(a) are present.[5]

As soon as practicable after a decision on consolidation has been rendered, this

Court must appoint "the most adequate plaintiff as lead plaintiff."  15 U.S.C. § 78u-

4(a)(3)(B)(ii).  In that regard, the Court is required to determine which movant has the

"largest financial interest" in the relief sought by the Class in this litigation and also make

a *prima facie* showing that it is an adequate class representative under Rule 23 of the

---

*Footnote continued from previous page*
purpose of the lead plaintiff motion "unless the allegations supporting it are obviously
frivolous."  *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 436 (S.D. Tex. 2010)
(utilizing longest class period for purposes of lead plaintiff motions); *see also Eichenholtz
v. Verifone Holdings, Inc.*, No. C 07-06140, 2008 WL 3925289, at *2 (N.D. Cal. Aug. 22,
2008) (using longer class period for purposes of appointing lead plaintiff); *Plumbers &
Pipefitters Local 562 Pension Fund v. MGIC Corp.*, 256 F.R.D. 620, 625 (E.D. Wis.
2009) ("nothing in the PSLRA limits the class period to the period identified in the first
notice").

[5] Mississippi PERS does not seek to have the pending derivative claims consolidated with
the securities cases brought pursuant to the Exchange Act because of the different nature
of the derivative claims.

Notice of Motion and Motion of the Mississippi Public Employees Retirement System for Consolidation and Appointment as Lead
Plaintiff; Memorandum in Support Thereof.  No. 11-cv-05386-WHA, 11-cv-0539 et al.

3

Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mississippi PERS believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff for this action to represent all persons who purchased or otherwise acquired the securities of Diamond during the Class Period.[6] Specifically, Mississippi PERS suffered approximately $1,819,454 million[7] in losses as a result of its purchases of shares of Diamond.[8]  Movant Mississippi PERS is a sophisticated institutional investor, experienced in conducting and supervising counsel in complex securities litigation and therefore is the paradigmatic lead plaintiff under the PSLRA.  Accordingly, Mississippi PERS respectfully submits that it should be appointed Lead Plaintiff.

## II.      STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Diamond is a packaged food company specializing in marketing nuts, particularly walnuts, as well as manufacturing and distributing snack foods such as Kettle Brand potato chips, Emerald nuts, and Pop Secret Popcorn.  Diamond's products are distributed globally.  Plaintiffs in the Related Actions allege that during the Class Period: (1) the Defendants overstated the Company's earnings by improperly accounting for certain crop payments to walnut growers; (2) failed to disclose that the Company's acquisition of

---

[6] Mississippi PERS will be filing additional information in support of its motion to be appointed lead plaintiff in its responses to the Court's Questionnaire To Lead Plaintiff Candidates, on or before the February 9, 2012 deadline set by the Court.  (*See* Docket No. 22-1).

[7] Mississippi PERS' total LIFO and FIFO losses are both $1,819,454.  LIFO and FIFO are defined below.  As of the time of preparing this document for filing, Mississippi PERS is aware of no other movant with equal or greater losses, and therefore as of this time, to its knowledge, it is the presumptive lead plaintiff.

[8] A copy of the Certification of Mississippi PERS is attached as Exhibit A to the Declaration of James M. Wilson, Jr. ("Wilson Decl."), filed herewith.  As required by the PSLRA, this Certification sets forth the transactions of Mississippi PERS in Diamond securities during the Class Period.  In addition, a chart reflecting the calculation of Mississippi PERS' financial losses on Diamond securities is attached as Exhibit B to the Wilson Declaration.

Notice of Motion and Motion of the Mississippi Public Employees Retirement System for Consolidation and Appointment as Lead Plaintiff; Memorandum in Support Thereof.  No. 11-cv-05386-WHA, 11-cv-0539 et al.

4

Proctor & Gamble's Pringles snack business would be delayed; (3) Diamond lacked adequate internal and financial controls; and (4) as a result of the foregoing, Diamond's financial results were materially false and misleading.

Diamond began as a cooperative company selling walnuts grown in California. In 2005, Diamond converted to a publicly traded company, and over the next several years, greatly expanded its business by acquiring other snack food companies. As part of its expansion strategy, Diamond announced the acquisition of the Pringles potato chip company from Proctor and Gamble ("P&G") in April 2011. The acquisition was to be completed via a stock swap whereby the shareholders of P&G would receive 29.1 million shares of Diamond common stock. As part of the deal, Diamond agreed to assume $850 million of Pringles' debt, with a collar mechanism that would adjust the amount of assumed debt based on the average of Diamond's stock price during a 5-day trading period prior to the close of the transaction. Consequently, the amount of debt to be assumed by Diamond could increase by up to $200 million or decrease by up to $150 million depending how much Diamond's share price was above or below $51.47.

Prior to the April 2011 announcement of the Pringles deal, Diamond shares were trading between $45 and $55. As the acquisition moved ahead, Diamond stock quickly grew to the high $60 range and into the $70 range for most of the summer of 2011. On September 15, 2011, Diamond announced its fourth quarter earnings, a surprising 27% increase, and the stock shot up to $87.30, ultimately reaching its all-time high of $92.

Diamond increased its reported income and earnings by improperly accounting for its purchase of walnuts from growers during the Class Period. Diamond contracts with walnut growers to acquire a grower's entire crop each fall. Diamond then determines the final price to be paid after delivery (but prior to the end of Diamond's fiscal year on July

31) based on market conditions.  Because Diamond commits to purchasing a grower's entire crop, it typically pays slightly higher than market price in years of weak demand, and slightly lower than market price in years of strong demand.  The crop harvested in the fall of 2010 had a strong demand.  Diamond established and booked the payments for the Fall 2010 crop at the end of its Fiscal Year 2011, which ended on July 31, 2011.  Diamond sent the payments to the growers in August of 2011.  The payments came up well short of market prices.  There were numerous complaints from Diamond's walnut growers about the below-market payments.

Then, in early September 2011, after the Company's fiscal year closed, Diamond unexpectedly made what it termed a "Momentum Payment" to its growers in the amount of $50 million, claiming it was a pre-payment for the Fall 2011 crop.  However, as reported in the *Wall Street Journal* on December 12, 2011, growers have stated that those unprecedented Momentum Payments were actually a make-up payment for the price shortfall of the Fall 2010 crop.  Mississippi PERS' counsel also has obtained information, through their own investigation, that the September 2011 Momentum Payment actually was attributable to the 2010 crop.  As reported by Mark Roberts of the Off Wall Street Consulting Group, Diamond referred to its August payment for the previous year's crop as the "final" payment for the Fall 2009 crop.  However, the August 2011 payments were *not* marked as "final."  Diamond's own head of field operations also reportedly confirmed that the September 2011 payments were additional payments for the Fall 2010 crop.  Finally, Diamond's Momentum Payments were made to growers who had ended their contracts with Diamond and thus would not be selling their Fall 2011 walnut crop to Diamond, undercutting Diamond's public claim that the payments were advances for the 2011 crops.

The September 2011 Momentum Payments of $50 million were nothing more than

Notice of Motion and Motion of the Mississippi Public Employees Retirement System for Consolidation and Appointment as Lead Plaintiff; Memorandum in Support Thereof.  No. 11-cv-05386-WHA, 11-cv-0539 et al.

6

make-up payments for the underpayments for the Fall 2010 crop, which, under proper

accounting practices, should have been treated as an expense incurred in Diamond's 2010

fiscal year.  Had Diamond properly accounted for these payments, its income and earnings

would have been reduced, and the Pringle's acquisition would have been more costly than

the Company reported.  By some estimates, Diamond's failure to recognize the

Momentum Payments as an expense in 2010 resulted in an estimated 50% overstatement

of its operating income for that year and an estimated 20% overstatement of its gross

margin.  Diamond's overstatement of its income and margins resulted in an artificially

inflated share price.  The Company's shares rose from $78.23 to $87.30 immediately after

the Company released its Form 10-K, which included the overstatements, on September

15, 2011.  The Company's shares continued their climb over the next few days, topping

out at $92.47 on September 20, 2011.  On Tuesday, November 1, 2011, Diamond

announced that the Pringles acquisition, previously announced to close in December 2011,

would be postponed, possibly until mid-2012, in order to allow Diamond to complete an

internal accounting investigation regarding the improper make-up payments.  On

November 5, 2011, the *Barron's Online* reported that the internal investigation centered

on the Company's make-up payments to walnut growers and suggested that the Company

may have overstated its fiscal 2011 financial results.  These overstated results would date

back to the beginning of the Class Period, December 9, 2010, when Diamond first

reported earnings and expenses for fiscal year 2011.

 The initial complaint in this action was filed on November 7, 2011.  That same

day, the first PSLRA mandated notice of pendency of this action was published.[9]  The

PSLRA permits any member of the purported class to move for appointment as Lead

---

[9] This notice is attached as Exhibit C to the Wilson Declaration.

Notice of Motion and Motion of the Mississippi Public Employees Retirement System for Consolidation and Appointment as Lead Plaintiff; Memorandum in Support Thereof.  No. 11-cv-05386-WHA, 11-cv-0539 et al.

7

Plaintiff within 60 days of the publication of the first notice of the filing of a securities

class action. *See* 15 U.S.C. § 78u-4(a)(3)(A). Movant Mississippi PERS satisfies this

deadline by making this motion.

**III.   ARGUMENT**

   **A.    The Related Actions Should Be Consolidated for Efficiency**

   Consolidation pursuant to Rule 42(a) is proper when actions involve common

questions of law and fact. *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146,

1150 (N.D. Cal. 1999); *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161,

175 (C.D. Cal. 1976) This Court has broad discretion under Rule 42 to consolidate cases

pending within this district. *See Investors Research Co. v. United States District Court,*

877 F.2d 777 (9th Cir. 1989); *Perez-Funez v. District Dir., Immigration & Naturalization

Serv.,* 611 F. Supp. 990, 994 (C.D. Cal. 1984) ("A Court has broad discretion in deciding

whether or not to grant a motion for consolidation, although, typically, consolidation is

favored.") (citations omitted).

   Courts have recognized that class action shareholder suits, in particular, are ideally

suited for consolidation pursuant to Rule 42(a) because consolidation of many actions

involving the same parties and issues expedites pretrial and discovery proceedings,

reduces duplication, and minimizes the costs and time expended by all persons involved.

*See Equity Funding*, 416 F. Supp. at 176. Indeed, § 21D(a)(3)(B) of the Exchange Act

contemplates the consolidation of multiple actions "asserting substantially the same claim

or claims." Moreover "[n]either Rule 42 nor the PSLRA demands that the actions be

identical before they may be consolidated." *Takeda v. Turbodyne Techs, Inc.*, 67 F. Supp.

2d 1129, 1133 (C.D. Cal. 1999) (consolidating six actions with substantial overlap in

defendants and different class periods).

Each of the Related Actions asserts essentially the same class claims brought on behalf of purchasers of Diamond securities who purchased in reliance on Defendants' materially false and misleading statements and/or omissions during the Class Period. Consolidation is appropriate when, as here, there are actions involving common questions of law or fact.  *See* Fed. R. Civ. P. 42(a); *Takeda*, 67 F. Supp. 2d at 1133; *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Mississippi PERS respectfully submits that the requirements for consolidation are met here and that the Related Actions should be consolidated and consequently does not object to this Court's January 3, 2012 Order to Show Cause why the cases should not be consolidated, together with all cases related to them in the future (other than the derivative cases).

### B.      Mississippi PERS Should Be Appointed Lead Plaintiff

Movant Mississippi PERS respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B); *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *Lax v. First Merchs. Acceptance Corp.*, No. C 2715, 1997 WL 461036, at *3 (N.D. Ill. Aug. 11, 1997) (members of moving group with largest collective financial interest were presumptive lead plaintiffs).

#### 1.      Mississippi PERS Believes It Has the Largest Financial Interest in the Relief Sought by the Class

Movant Mississippi PERS should be appointed Lead Plaintiff because it has the

Notice of Motion and Motion of the Mississippi Public Employees Retirement System for Consolidation and Appointment as Lead Plaintiff; Memorandum in Support Thereof.  No. 11-cv-05386-WHA, 11-cv-0539 et al.

9

largest financial interest in the relief sought by the Class.  15 U.S.C. § 78u-4(a)(3)(B)(iii).

Courts generally look to four factors (often referred to as the *Lax* analysis) in determining

which movant has the largest financial interest in the litigation.  *Richardson v. TVIA, Inc.*,

No. 06-07307, 2007 WL 1129344, at *3 (N.D. Cal. Apr. 16, 2007) (noting courts have

typically considered the "*Olsten-Lax*" factors to determine which lead plaintiff movant has

the largest financial interest).  Under the four-factor analysis, courts consider the

following to determine the largest financial interest: "(1) the number of shares purchased

during the class period; (2) the number of net shares purchased during the class period; (3)

the total net funds expended during the class period; and (4) the approximate losses

suffered during the class period."  *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295

(E.D.N.Y. 1998) (citing *Lax*, 1997 WL 461036, at *5).  The fourth factor of "*Olsten-Lax*"

analysis, "approximate losses" is generally considered the most important factor.

*Richardson*, 2007 WL 1129344, at *4.

Mississippi PERS purchased a total of 57,300 Diamond shares during the Class

Period.  Movant sold 2,500 of these shares during the Class Period, and therefore had net

purchases of 54,800 shares.  During the Class Period, Mississippi PERS had net

expenditures of $3,883,357 on these purchases.  Mississippi PERS sustained approximate

losses of $1,819,454 in connection with its investment in Diamond.[10]  The magnitude of

Mississippi PERS' financial interest in this litigation can be summarized in the following

table:

---

[10] Courts recognize two principal methods for calculating losses for purposes of
appointing a lead plaintiff under the PSLRA.  These are the "first in, first out" ("FIFO")
method and the "last in, first out" ("LIFO") method.  Under the FIFO method, sales are
offset against the movant's inventory of stock acquisitions, starting with the earliest and
moving chronologically forward.  Under the alternative LIFO method, the sales are offset
against the movant's inventory of stock acquisitions, starting with the latest and moving
chronologically backward.  Mississippi PERS' above losses are the same using both
methods.

| | (1) Number of shares purchased during Class Period | (2) Number of net shares purchased during Class Period | (3) Total net funds expended during Class Period | (4) Approximate losses suffered |
|---|---|---|---|---|
| Mississippi Public Employees' Retirement System | 57,300 | 54,800 | 3,883,357 | $1,819,454 |

Based on these factors, Mississippi PERS is the presumptive "most adequate plaintiff" and should be appointed Lead Plaintiff in this action.

### 2.   Mississippi PERS Otherwise Satisfies the Rule 23 Requirements

Mississippi PERS should be appointed Lead Plaintiff because it also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the proposed class representative.  Consequently, typicality and adequacy requirements of Rule 23(a) are the main focus in deciding a motion to appoint lead plaintiff, and examination of the remaining requirements is deferred until class certification.  *See Richardson*, 2007 WL 1129344, at *4 (citing *In re Cavanaugh*, 306 F.3d at 730).  Here, Mississippi PERS satisfies both requirements.

Mississippi PERS' claims are typical of the claims of other Class members.  Generally, the test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citing *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)); *see also Richardson*, 2007 WL 1129344, at *5 (typicality satisfied where the proposed lead plaintiff shared substantially similar questions of law and fact with other members of the class and the claims arose from the same course of conduct by defendants).  Mississippi PERS' claims in this action arise

Notice of Motion and Motion of the Mississippi Public Employees Retirement System for Consolidation and Appointment as Lead Plaintiff; Memorandum in Support Thereof.  No. 11-cv-05386-WHA, 11-cv-0539 et al.

11

from the very same events and course of conduct as the claims of the other Class members – *i.e.*, the artificial inflation and consequent market correction of the price of Diamond's stock caused by the false and misleading disclosures during the Class Period pursuant to which Mississippi PERS and its fellow Class members all purchased Diamond's shares. Mississippi PERS' claims are also founded on precisely the same legal theories as the other class members.

Mississippi PERS likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class. This requirement is met if "there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation." *Richardson*, 2007 WL 1129344, at *4 (citing Fed. R. Civ. P. 23(a)(4)); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Mississippi PERS is adequate to represent the Class because its interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. As investors in the artificially inflated publicly traded securities of Diamond, and having suffered substantial losses upon the Company's corrective disclosures, Mississippi PERS has an identity of interests with its fellow Class members.[11] There are no facts suggesting that any actual or potential conflict of interest or other antagonism exists between the interests of

---

[11] Mississippi PERS has a record of success in serving as a Lead Plaintiff in securities class actions. For example, Mississippi PERS served as co-lead plaintiff in the Northern District of California case, *In re Maxim Integrated Products, Inc. Securities Litigation,* Case No. 08-cv-832 (JW). Mississippi PERS also has served as lead plaintiff in the following actions: *In re Satyam Computer Services, Ltd, Securities Litigation,* No. 09-md-2027 (S.D.N.Y.), *In re Royal Bank of Scotland Group plc Securities Litigation,* No. 09-cv-300 (S.D.N.Y.), *Public Employees' Retirement System of Mississippi v. Goldman Sachs Group, Inc., et al.,* No. 09-cv-1110 (S.D.N.Y.), *Hill* v. *State Street Corporation, et al.,* No. 09-cv-12146 (D. Mass.). *See* Wilson Decl. at Ex. A. Mississippi PERS also served as a lead plaintiff in *In re Semtech Corp. Securities Litigation,* No. 07-cv-7114 (C.D. Cal.), which is not listed on Mississippi PERS' Certification, however, because it was filed prior to the three-year period preceding the date of the Certification. *See* 15 U.S.C. § 78u-4(a)(2)(A)(v).

Notice of Motion and Motion of the Mississippi Public Employees Retirement System for Consolidation and Appointment as Lead Plaintiff; Memorandum in Support Thereof.  No. 11-cv-05386-WHA, 11-cv-0539 et al.

12

1  Mississippi PERS and other Class members.  Mississippi PERS' selection of highly

2  experienced law firms such as Chitwood and G&E as co-counsel and Lieff Cabraser as

3  local counsel likewise demonstrates its adequacy to oversee this action as the Lead

4  Plaintiff.

5

6      Mississippi PERS also has a financial interest in the outcome of this case sufficient

7  to ensure vigorous advocacy.  *See, e.g. Ruland v. Infosonics Corp.*, No. 06-CV-1231, 2006

8  WL 3746716, at *6 (S.D. Cal. Oct. 23, 2006) (finding adequate a proposed Lead Plaintiff

9  that "has [adequate] incentive to prosecute this action vigorously and states that he is

10  willing to serve as a representative on behalf of the class."); *Ferrari v. Gish*, 225 F.R.D.

11  599, 607 (C.D. Cal. 2004) (stating movant "has suffered the greatest financial loss,

12  providing an incentive to prosecute the case vigorously.").  As set forth above, Mississippi

13  PERS suffered substantial losses on its investment in Diamond sufficient to ensure a

14  commitment to the vigorous prosecution of this lawsuit.  Mississippi PERS has likewise

15  submitted a certification affirming its understanding of the duties owed to Class members

16  through its commitment to oversee the prosecution of this Class action.  *See* Wilson Decl.

17  at Ex. A.  Through this certification, Mississippi PERS accepts its fiduciary obligations it

18  will assume if appointed Lead Plaintiff in this action.  Thus, Mississippi PERS, in addition

19  to having the largest financial interest, also *prima facie* satisfies the typicality and

20  adequacy requirements of Rule 23 and, therefore, satisfies all elements of the Exchange

21

22  Act's prerequisites for appointment as lead plaintiff in this action.

23      Moreover, the legislative history of the PSLRA demonstrates that Congress

24  intended to encourage large institutional investors, especially public pension funds, to

25  serve as lead plaintiff.  Courts have recognized that public pension funds, such as

26  Mississippi PERS, are particularly favored as lead plaintiffs: "The Court also notes that

27

28

Notice of Motion and Motion of the Mississippi Public Employees Retirement System for Consolidation and Appointment as Lead Plaintiff; Memorandum in Support Thereof.  No. 11-cv-05386-WHA, 11-cv-0539 et al.

13

the members of the aptly-named Pension Fund Group are ***public institutional investors***, which comports with ***the PSLRA's expressed preference for such lead plaintiffs***." *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 305-06 (S.D. Ohio 2005) (emphasis added); *see also Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 639 (D.N.J. 2002) (court appointed public pension fund over investment management company with larger losses because public pension fund "possesses the financial sophistication and expertise to ensure that the litigation will proceed in the best interests of the Class"); *Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001) ("As an institutional investor with a large financial stake in the outcome of this litigation, [movant] 'is exactly the type of lead plaintiff envisioned by Congress when it instituted the lead plaintiff requirements.'") (quoting *Bowman v. Legato Sys.*, 195 F.R.D. 655, 657 (N.D. Cal. 2000)).  As Congress noted in the Statement of Managers of the PSLRA:

> Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.

H.R. REP. NO. 104-369, at 34 (1995) (Conf. Rep.).  Similarly, the Senate Report on the PSLRA states in pertinent part:

> The Committee believes that increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts.
>
> Institutions with large stakes in class actions have much the same interest as the plaintiff class generally. . . .

S. REP. NO. 104-98, at 11 (1995).  Furthermore, a public pension fund is "accustomed to acting in the role of a fiduciary, and its experience with investing and financial matters will only benefit the class."  *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).  As a public pension fund, Mississippi PERS is the prototypical lead plaintiff under the PSLRA because it has a significant interest in seeking financial redress and will

Notice of Motion and Motion of the Mississippi Public Employees Retirement System for Consolidation and Appointment as Lead Plaintiff; Memorandum in Support Thereof.  No. 11-cv-05386-WHA, 11-cv-0539 et al.

14

represent the interests of the Class effectively by directing and controlling the litigation.

## IV.    CONCLUSION

For the foregoing reasons, Mississippi PERS respectfully requests that the Court:

(i) consolidate for all purposes the Related Actions against Defendants; (ii) appoint

Mississippi PERS as Lead Plaintiff pursuant to §21D(a)(3)(B) of the PSLRA; and (iii)

grant such other and further relief as the Court may deem just and proper.

Dated:  January 6, 2012                          Respectfully submitted,

                                                 LIEFF CABRASER HEIMANN &
                                                 BERNSTEIN, LLP


                                                 By: */s/ Joy A. Kruse*
                                                       Joy A. Kruse

                                                 Richard M. Heimann
                                                 Joy A. Kruse
                                                 275 Battery Street, 29th Floor
                                                 San Francisco, California  94111- 3339
                                                 Tel:  (415) 956-1000
                                                 Fax:  (415) 956-1008

                                                 *Local Counsel for Proposed Lead Plaintiff*
                                                 *Mississippi Public Employees' Retirement*
                                                 *System*

                                                 CHITWOOD HARLEY HARNES LLP
                                                 James M. Wilson, Jr.
                                                 (to be admitted *pro hac vice*)
                                                 Robert W. Killorin
                                                 (to be admitted *pro hac vice*)
                                                 Ze'eva Kushner Banks
                                                 (to be admitted *pro hac vice*)
                                                 2300 Promenade II
                                                 1230 Peachtree Street, N.E.
                                                 Atlanta, Georgia 30309
                                                 Tel:    (404) 873-3900
                                                 Fax:    (404) 876-4476

Notice of Motion and Motion of the Mississippi Public Employees Retirement System for Consolidation and Appointment as Lead Plaintiff; Memorandum in Support Thereof.  No. 11-cv-05386-WHA, 11-cv-0539 et al.

15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GRANT  & EISENHOFER P.A.
James J. Sabella
(to be admitted *pro hac vice*)
485 Lexington Avenue
New York, New York 10017
Tel:    (646) 722-8500
Fax:    (646) 722-8501
jsabella@gelaw.com

*Attorneys for Proposed Lead Plaintiff the*
*Mississippi Public Employees' Retirement*
*System*