1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  SHAWN A. WILLIAMS (213113)
   Post Montgomery Center
3  One Montgomery Street, Suite 1800
   San Francisco, CA 94104
4  Telephone: 415/288-4545
   415/288-4534 (fax)
5
   [Proposed] Lead Counsel for Plaintiff
6
   [Additional counsel appear on signature page.]
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  JORGE SALHUANA, Individually and on      )   Case No. 11-cv-05386-WHA
    Behalf of All Others Similarly Situated,  )
12                                            )   CLASS ACTION
                          Plaintiff,          )
13                                            )   NOTICE OF MOTION AND MOTION OF
            vs.                               )   NEW ENGLAND CARPENTERS
14                                            )   GUARANTEED ANNUITY AND PENSION
    DIAMOND FOODS, INC., et al.,              )   FUNDS FOR APPOINTMENT OF LEAD
15                                            )   PLAINTIFF AND APPROVAL OF
                          Defendants.         )   SELECTION OF COUNSEL;
16  _____  )   MEMORANDUM OF POINTS AND
                                                  AUTHORITIES IN SUPPORT THEREOF
17
                                                  DATE:      February 23, 2012
18                                                TIME:      2:00 p.m.
                                                  CTRM:      8, 19th Floor
19                                                JUDGE:     Hon. William H. Alsup

20

21

22

23

24

25

26

27

28

675293_1

1

**NOTICE OF MOTION AND MOTION**

2

TO:     ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

3

PLEASE TAKE NOTICE that on Thursday, February 23, 2012, at 2:00 p.m., or as soon

4

thereafter as the matter may be heard in Courtroom 8 of the Honorable William H. Alsup, 450

5

Golden Gate Avenue, San Francisco, California 94102, New England Carpenters Guaranteed

6

Annuity and Pension Funds (the "New England Carpenters") will and hereby do move this Court

7

pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-

8

4(a)(3)(B), for an order: (1) appointing the New England Carpenters as lead plaintiff; and (2)

9

approving the New England Carpenters' selection of Robbins Geller Rudman & Dowd LLP

10

("Robbins Geller") as lead counsel for the class.  This Motion is made on the grounds that the New

11

England Carpenters are the "most adequate plaintiff" to serve as lead plaintiff.  In support of this

12

Motion, the New England Carpenters submit herewith a Memorandum of Points and Authorities and

13

the Declaration of Tricia L. McCormick ("McCormick Decl.").

14

**MEMORANDUM OF POINTS AND AUTHORITIES**

15

**I.     STATEMENT OF ISSUES TO BE DECIDED**

16

Presently pending in this Court are six securities class action lawsuits (the "Related Securities

17

Actions") brought on behalf of all persons who purchased or otherwise acquired the publicly-traded

18

securities of Diamond Foods, Inc. ("Diamond" or the "Company") between December 9, 2010 and

19

November 4, 2011, inclusive (the "Class Period")[1]:

20

| CASE NAME | CASE NUMBER | DATE FILED |
|---|---|---|
| *Salhuana v. Diamond Foods, Inc. et al.* | 3:11-cv-05386 WHA | November 7, 2011 |
| *Mitchem v. Diamond Foods, Inc. et al.* | 3:11-cv-05399 WHA | November 7, 2011 |
| *Woodward v. Diamond Foods, Inc. et al.* | 3:11-cv-05409 WHA | November 8, 2011 |
| *Rall v. Diamond Foods, Inc. et al.* | 3:11-cv-05457 WHA | November 9, 2011 |
| *Simon v. Diamond Foods, Inc. et al.* | 3:11-cv-05479 WHA | November 10, 2011 |
| *MacFarland v. Diamond Foods, Inc. et al.* | 3:11-cv-05615 WHA | November 21, 2011 |

21

22

23

24

25

26

[1]     Some of the actions allege a shorter class period.  For purposes of this motion, the longest class period is used, and the actual class period shall be determined by the appointed lead plaintiff when filing the consolidated complaint.

27

28

PLAINTIFF GARY SIMON'S SUBMISSION IN RESPONSE TO COURT'S JANUARY 4, 2012
ORDER REQUIRING FILING OF NOTICE OF PUBLICATION- 11-cv-05386-WHA          - 1 -

On December 21, 2011, the Court issued an Order deeming these six actions, along with a related purported federal derivative action, "related cases" within the meaning of Northern District of California Civil Local Rule ("Civil L.R.") 3-12(a).  *See* Dkt. No. 16.  On January 3, 2012, the Court issued an Order to Show Cause why the six Related Securities Actions should not be consolidated.[2]  *See* Dkt. No. 18.  The New England Carpenters do not oppose the consolidation of these Related Securities Actions.  The Related Securities Actions are brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.  Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Securities Actions prior to selecting a plaintiff to lead this litigation on behalf of the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).

Additionally, the Court is to appoint as lead plaintiff the member or members of the purported class with the largest financial interest in the relief sought by the class that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. §78u-4(a)(3)(B).  Here, the New England Carpenters should be appointed as lead plaintiff because they: (1) timely filed their motion for appointment as lead plaintiff; (2) have the largest financial interest in the outcome of this litigation of any person or group of persons of which they are aware; and (3) will adequately represent the interests of the class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* McCormick Decl., Ex. A.

In addition, the New England Carpenters' selection of Robbins Geller to serve as Lead Counsel should be approved because Robbins Geller possesses extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members.

---

[2]      In the Order to Show Cause, the Court noted that the derivative action, while it would remain related with the Related Securities Actions, would not be consolidated with them.

## II.     SUMMARY OF THE ACTION[3]

Diamond sells snack products to global, national, regional and independent grocery, drug and convenience store chains, as well as to mass merchandisers and club stores.  The complaint alleges that during the Class Period, defendants misrepresented Diamond's current financial condition and prospective financial results, including its reported earnings and expenses incurred during the Company's fiscal year 2011, its fiscal 2011 projected revenue and earnings and the timing thereof, and the overall shareholder value related to a proposed acquisition of The Procter & Gamble Company's ("P&G") Pringles business, purportedly scheduled to close in December 2011. Defendants' misrepresentations during the Class Period caused the Company's stock to trade at artificially inflated prices, reaching a Class Period high of $92.47 on September 20, 2011.

On September 27, 2011, *The Wall Street Journal* published an article entitled "Hidden Flaw in P&G's Diamond Deal," which discussed a $50 million payment the Company made in September 2011 to walnut growers, suggesting that the payment, had it been made during the fiscal year that ended July 31, 2011, would have reduced the Company's fiscal 2011 operating income by $50 million.  On November 1, 2011, Diamond announced that the Audit Committee of the Company's Board of Directors was conducting an internal investigation into payments made to walnut growers in September 2011 and the accounting for such payments.  In addition, the Company stated that in light of the accounting investigation, the acquisition of P&G's Pringles business scheduled to close in December 2011 would be delayed to mid-2012.  On this news, the Company's stock price fell 17% to close at $52.79 per share on November 2, 2011.

Then on November 5, 2011, *Barron's Online* published an article that discussed in detail the Company's September 2011 "momentum payment" to walnut growers and suggested that the Company may have overstated its fiscal 2011 financial results.  On November 7, 2011, following these disclosures, Diamond's stock price fell to a close of $39.09 per share, a 15% decline from its Friday, November 4, 2011 close of $46.40 per share.

---

[3]     This factual summary is taken from the allegations in the Complaint for Violation of the Federal Securities Laws filed in the *Simon* Action.

675293_1

PLAINTIFF GARY SIMON'S SUBMISSION IN RESPONSE TO COURT'S JANUARY 4, 2012
ORDER REQUIRING FILING OF NOTICE OF PUBLICATION- 11-cv-05386-WHA          - 3 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.     ARGUMENT

### A.     The New England Carpenters Satisfy the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  This notice shall advise members of the class of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice.  Here, notice was published on November 7, 2011, on *Business Wire* in connection with the filing of the first-filed action.  *See* McCormick Decl., Ex. C.

Next, the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  The New England Carpenters meet each of these requirements and should therefore be appointed Lead Plaintiff.

### 1.     The New England Carpenters' Motion Is Timely

The New England Carpenters have timely filed this Motion within 60 days of the November 7, 2011 notice publication, and have also duly signed and filed their certification evidencing, among other things, their willingness to serve as representative parties on behalf of the class.  *See* McCormick Decl., Ex. A.  Accordingly, the New England Carpenters have satisfied the individual

675293_1

PLAINTIFF GARY SIMON'S SUBMISSION IN RESPONSE TO COURT'S JANUARY 4, 2012
ORDER REQUIRING FILING OF NOTICE OF PUBLICATION- 11-cv-05386-WHA            - 4 -

1   requirements of 15 U.S.C. §78u-4(a)(3)(B) and are entitled to have their application for appointment

2   as lead plaintiff considered by the Court.

**2.      The New England Carpenters Possess the Largest Financial Interest in the Relief Sought by the Class**

5          According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the

6   movant or movants who have the largest financial interest in the relief sought by the action.  *See*

7   *Cavanaugh*, 306 F.3d at 732.  As demonstrated herein, the New England Carpenters purchased 8,300

8   shares of Diamond during the Class Period, retained 6,800 shares at the end of the Class Period, and

9   lost approximately $252,038.  *See* McCormick Decl., Exs. A and B.  To the best of their knowledge,

10  there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have

11  a larger financial interest.  Therefore, the New England Carpenters satisfy the PSLRA's prerequisite

12  of having "the largest financial interest in the relief sought by the class."  15 U.S.C. §78u-

13  4(a)(3)(B)(iii)(I)(cc).

**3.      The New England Carpenters Meet Rule 23's Requirements**

15         In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise

16  satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-

17  4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally requires that the claims of representative parties be typical

18  of the claims of the class and that the representatives will fairly and adequately protect the interests

19  of the class.  *See* Fed. R. Civ. P. 23; *Cavanaugh*, 306 F.3d at 730.  As detailed below, the New

20  England Carpenters satisfy the typicality and adequacy requirements of Rule 23(a).

21         The test of typicality "'is whether other members have the same or similar injury, whether

22  the action is based on conduct which is not unique to the named plaintiffs, and whether other class

23  members have been injured by the same course of conduct.'"  *Hanon v. Dataproducts Corp.*, 976

24  F.2d 497, 508 (9th Cir. 1992) (citation omitted); *see also In re Advanced Tissue Scis. Sec. Litig.*, 184

25  F.R.D. 346, 349 (S.D. Cal. 1998) (typicality requirement of Rule 23(a)(3) is satisfied when

26  representative plaintiffs' claims arise out of the same event or course of conduct as do the other class

27  members' claims, and are based on the same legal theories).  The threshold typicality and

28  commonality requirements are not high; Rule 23(a) requires only that resolution of the common

675293_1

PLAINTIFF GARY SIMON'S SUBMISSION IN RESPONSE TO COURT'S JANUARY 4, 2012
ORDER REQUIRING FILING OF NOTICE OF PUBLICATION- 11-cv-05386-WHA          - 5 -

1    questions affect all, or a substantial number of, class members. *Slaven v. BP Am., Inc.*, 190 F.R.D.

2    649, 657 (C.D. Cal. 2000). The adequacy requirement is met if no conflicts exist between the

3    representative and class interests and the representative's attorneys are qualified, experienced and

4    generally able to conduct the litigation. *Richardson v. TVIA, Inc.*, No. 06-06304, 2007 U.S. Dist.

5    LEXIS 28406, at *16 (N.D. Cal. Apr. 16, 2007) (citing Fed. R. Civ. P. 23(a)(4) and *Staton v. Boeing*

6    *Co.*, 327 F.3d 938, 957 (9th Cir. 2003)).

7        Here, the New England Carpenters meet the typicality and adequacy requirements because,

8    like all other members of the purported class, they purchased Diamond securities during the Class

9    Period in reliance upon defendants' false and misleading statements and suffered damages thereby.

10   Because the New England Carpenters' claims are premised on the same legal and remedial theories

11   and are based on the same types of alleged misrepresentations and omissions as the class's claims,

12   typicality is satisfied. *See In re Surebeam Corp. Sec. Litig.*, No. 03-1721, 2003 U.S. Dist. LEXIS

13   25022 (S.D. Cal. Jan. 5, 2004). Additionally, the New England Carpenters are not subject to any

14   unique defenses and there is no evidence of any conflicts between the New England Carpenters and

15   the other class members.

16       The New England Carpenters therefore satisfy the *prima facie* showing of the typicality and

17   adequacy requirements of Rule 23 for purposes of this Motion.

18   **B.    This Court Should Approve the New England Carpenters' Selection
              of Counsel**

19

20       The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to

21   this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Courts should not disturb the lead

22   plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C.

23   §78u-4(a)(3)(B)(iii)(II)(aa).

24       Here, the New England Carpenters have selected Robbins Geller as lead counsel for the

25   class. Robbins Geller has successfully prosecuted numerous securities fraud class actions on behalf

26   of injured investors and has been appointed as lead counsel in numerous class actions. *See*

27   McCormick Decl., Ex. D. Thus, the Court may be assured that in the event this Motion is granted,

28   the members of the class will receive the highest caliber of legal representation available from

675293_1

PLAINTIFF GARY SIMON'S SUBMISSION IN RESPONSE TO COURT'S JANUARY 4, 2012
ORDER REQUIRING FILING OF NOTICE OF PUBLICATION- 11-cv-05386-WHA          - 6 -

1  Robbins Geller as lead counsel.  Because the New England Carpenters have selected and retained

2  counsel experienced in litigating securities fraud class actions with the resources to prosecute this

3  action to the greatest recovery possible for the class, its choice of Robbins Geller as lead counsel

4  should be approved.

5  **IV.    CONCLUSION**

6          For the foregoing reasons, the New England Carpenters agree that the Related Securities

7  Actions should be consolidated, and respectfully request that the Court: (1) appoint the New England

8  Carpenters as Lead Plaintiff; and (2) approve the New England Carpenters' selection of Lead

9  Counsel for the class.

10  DATED:  January 6, 2012                ROBBINS GELLER RUDMAN
                                              & DOWD LLP
11                                            DARREN J. ROBBINS
                                              TRICIA L. MCCORMICK
12

13                                                 s/ TRICIA L. McCORMICK
14                                                TRICIA L. McCORMICK

15                                            655 West Broadway, Suite 1900
                                              San Diego, CA  92101
16                                            Telephone:  619/231-1058
                                              619/231-7423 (fax)
17
                                              ROBBINS GELLER RUDMAN
18                                              & DOWD LLP
                                              SHAWN A. WILLIAMS
19                                            Post Montgomery Center
                                              One Montgomery Street, Suite 1800
20                                            San Francisco, CA  94104
                                              Telephone:  415/288-4545
21                                            415/288-4534 (fax)

22                                            [Proposed] Lead Counsel for Plaintiff

23

24

25

26

27

28

1

<u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on January 6, 2012, I authorized the electronic filing of the foregoing

3

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

4

the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

5

caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

6

CM/ECF participants indicated on the attached Manual Notice List.

7

I certify under penalty of perjury under the laws of the United States of America that the

8

foregoing is true and correct.  Executed on January 6, 2012.

9

10

   s/ TRICIA L. McCORMICK

TRICIA L. McCORMICK

11

12

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900

13

San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

14

15

E-mail: triciam@rgrdlaw.com

16

17

18

19

20

21

22

23

24

25

26

27

28

## Mailing Information for a Case 3:11-cv-05386-WHA

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennifer Corinne Bretan**
  jbretan@fenwick.com,mbafus@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com

- **Lionel Z. Glancy**
  info@glancylaw.com

- **Michael M. Goldberg**
  info@glancylaw.com

- **Dean S. Kristy**
  dkristy@fenwick.com,kayoung@fenwick.com,cprocida@fenwick.com

- **Susan Samuels Muck**
  smuck@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com,cprocida@fenwick.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com

- **Mark Punzalan**
  mpunzalan@finkelsteinthompson.com,arivas@finkestienthompson.com,bassad@finkelsteinthompson.com,ttien@finkelsteinthompson.com,jdito@finkelsteinthompson.c

- **Casey Edwards Sadler**
  csadler@glancylaw.com

- **James John Varellas , III**
  jvarellas@fenwick.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)