IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE:

DIAMOND FOODS, INC.,
SECURITIES LITIGATION.
_____/

This Document Relates to:

All Actions.
_____/

No. C 11-05386 WHA

**ORDER RE MOTION TO SEAL**

In connection with its opposition to plaintiff's motion for class certification, defendant Diamond Foods, Inc., moved to file under seal information or documents designated under the terms of the stipulated protective order as "confidential" by plaintiff Mississippi Public Employees' Retirement System ("MPERS") and/or non-party Artisan Partners Asset Management, Inc. (Dkt. No. 187). Pursuant to Local Rule 79-5(d), declarations from the designating parties were due by April 18. Artisan filed a declaration from Janet Olson, Chief Legal Officer of Artisan, to establish that the designated information is sealable (Dkt. No. 200). No declaration in support of sealing was received from MPERS. For the reasons stated below, the motion to seal documents designated as confidential by Artisan is **GRANTED IN PART AND DENIED IN PART**.

Pursuant to Civil Local Rule 79-5(a),

> A sealing order may issue only upon a request that establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law, [hereinafter referred to as "sealable."] The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(b) or (c).

Although Civil Local Rule 79-5 governs the motions to seal in this instance, the usual presumption of the public's right to access does not apply to non-dispositive motions with the same strength it applies to dispositive motions. *See In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). On non-dispositive motions, a party seeking to file a document under seal must establish there is "good cause" for sealing the record. *Id*.; *see also Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). "'The vast majority of courts within this circuit' treat motions for class certification as non-dispositive motions to which the 'good cause' sealing standard applies." *Dugan v. Lloyds TSB Bank, PLC,* No. 12-cv-02549, 2013 WL 1435223 (N.D. Cal. Apr. 9, 2013) (Magistrate Judge Nandor Vadas) (internal citations omitted). A party must make a "particularized showing" of good cause with respect to any individual document in order to justify sealing the document. *Kamakana*, 447 F.3d at 1180.

**Exhibits 12–16**

The declaration submitted in support of sealing Exhibits 12–16 to the Kristy Declaration states generally, and without any particularized discussion, that the documents "are confidential internal communications among Artisan Partners employees and reflect proprietary information and analyses" (Olson Decl. ¶ 3). The declaration further states: "to Artisan Partners' knowledge, this information has not been made available to the general public" (*ibid.*). This representation is incorrect. A cursory review of Artisan's publicly accessible website demonstrates that Exhibits 13, 14, and 15, or nearly identical versions thereof, are publicly available and can be freely downloaded from the website. *See, e.g.,* http://www.artisanpdfcentral.com/data/pdfs/InvstProcess_vDV_Strategy.pdf (last visited April 18, 2013). Exhibit 12 is a generic chart, marked "redacted", that does not contain any confidential information, the disclosure of which is likely to cause competitive injury to Artisan. Artisan has failed to make a particularized showing that the documents are properly sealable. Accordingly, the motion to seal Exhibits 12–15 is **DENIED**.

Finally, Exhibit 16 is the only document that arguably contains any proprietary non-public information. It appears to contain notes regarding Diamond's publicly traded stock,

2

1 including analysis of the stock price and the company's public statements. The document also
2 references Artisan's private market value model and changes in its valuation of Diamond stock.
3 Accordingly, the motion to seal Exhibit 16 is **GRANTED**.

### Portions of Stephens Deposition (Exhibit 3)

Artisan seeks to seal pages 66–69 of the deposition transcript of Andrew Stephens (Exhibit 3), which relates to the specific fees charged by Artisan. According to Artisan, "disclosure of this information would put Artisan Partners at a great disadvantage in future negotiations with clients and prospective clients" (Olsen Decl. ¶ 4). Artisan further maintains that "such information about the financial terms of its relationship with its clients" is confidential and not disclosed to the public. The motion to seal this portion of the deposition transcript is **GRANTED**.

### Defendant's Brief and Declaration of Dr. Allan Kleidon

No good cause has been shown to seal the redacted portions of defendant's brief or the declaration of Dr. Allan Kleidon submitted in opposition to the motion for class certification. Any reference to Artisan's internal information is too general to reveal any confidential information and, in any event, Artisan has failed to establish that any of the statements in the brief or declaration are properly sealable. Accordingly, the motion to seal the redacted portions of defendant's brief and Dr. Kleidon's declaration in support of defendant's opposition to the motion for class certification is **DENIED**.

\*     \*     \*

For the foregoing reasons, the motion to seal documents designated as confidential by non-party Artisan is **GRANTED IN PART AND DENIED IN PART**. Defendant shall re-file the relevant documents, consistent with this order and Local Rule 79-5(e), and should provide new chambers copies of the documents affected by this order.

Pursuant to Local Rule 79-5(d), Exhibits 12, 21 and 29 to the Kristy Declaration, designated as confidential by MPERS, will be made part of the public record.

Whether there is "good cause" to file one of these documents under seal at this juncture does not establish that the same document will be sealable in connection with any future

dispositive motions to which the presumption of public access will apply with greater force.

**IT IS SO ORDERED.**

Dated: April 19, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE