DEAN S. KRISTY (CSB NO. 157646)
dkristy@fenwick.com
SUSAN S. MUCK (CSB NO. 126930)
smuck@fenwick.com
JENNIFER BRETAN (CSB NO. 233475)
jbretan@fenwick.com
ALEXIS I. CALOZA (CSB NO. 278804)
acaloza@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California  94104
Telephone:     (415) 875-2300
Facsimile:      (415) 281-1350

Attorneys for Defendant
Diamond Foods, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE DIAMOND FOODS, INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS. | Case No. CV-11-05386-WHA<br><br>**OBJECTIONS TO THE REPLY DECLARATIONS OF DR. JAY HARTZELL AND JOHN F. HARNES RELATING TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date:    May 2, 2013<br>Time:    8:00  a.m.<br>Place:   Courtroom 8, 19th Floor<br>Judge:   The Honorable William H. Alsup |
|---|---|

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OBJ. TO REPLY DECLARATIONS RELATING TO
MOTION FOR CLASS CERTIFICATION

CASE NO. 11-CV-05386 (WHA)

1    Pursuant to this Court's Supplemental Order to Order Setting Initial Case Management
2  Conference Before Judge William Alsup (the "Supplemental Order"), and Local Rules 7-3(d)(1),
3  7-5(b), and 7-3(c), defendant Diamond Foods, Inc. ("Diamond" or the "Company") hereby
4  objects to the admissibility of the following:
5    (1) paragraphs 23, 24 and portions of paragraph 25 of the Declaration of Dr. Jay Hartzell,
6  filed with plaintiff's reply papers on April 18, 2013 (the "Hartzell Reply Decl.") [Dkt. 202-1], on
7  the grounds that it improperly seeks to raise new arguments in support of plaintiff's class
8  certification motion that were not encompassed by his initial report filed by plaintiff on March 28,
9  2013; and
10   (2) the Declaration of John F. Harnes in Support of Plaintiff's Reply Brief in Further
11 Support of Its Motion for Class Certification, also filed on April 18, 2013 (the "Harnes Reply
12 Decl.") [Dkt. 202-5], on the grounds that it consists of argument in contravention of Local Rule 7-
13 5(b).
14   **Objections to the Hartzell Reply Declaration**
15   In the Hartzell Reply Declaration, Dr. Hartzell (an expert who submitted a report in
16 connection with plaintiff's moving papers) attempts to argue for the first time that damages can
17 be proven on a class-wide basis even though he offered no such opinion in his initial expert report
18 filed by plaintiff on March 28, 2013.  To the contrary, in his initial expert report Hartzell
19 expressly indicates that he was asked to opine solely "on the efficiency of the market" for
20 Diamond common stock, and that his report "contains my opinion on the efficiency of the
21 market" in which Diamond common stock traded.  Expert Report of Dr. Jay Hartzell, dated
22 March 28, 2013, annexed as Exhibit A to the Declaration of John F. Harnes in Support of Mot.
23 For Class Cert. [Dkt. 190-1], at 1.  In his initial report, Hartzell does not mention damages or
24 attempt to show whether (or how) damages can be proven on a class-wide basis throughout the
25 lengthy class period.  That deficiency was identified in Diamond's opposition to class
26 certification, as well as in the expert declaration submitted by Diamond's expert, Dr. Allan
27 Kleidon.
28   Although the issue of damages was expressly beyond the scope of his initial report, the

Hartzell Reply Declaration nevertheless now contends that "[d]amages in this matter will be calculated using an event study analysis similar to the event study analysis presented in my first report on market efficiency," and that unspecified portions of his prior report show that the "event study I have already performed shows that damages are calculable to the class using standard event study methodology." Hartzell Reply Decl. ¶ 24. Putting aside the vagueness of these statements, the fact remains that Hartzell's initial report does not mention damages and expresses no opinion thereon, and hence this is the type of reply argument that contravenes this Court's Supplemental Order. That Order specifically states in paragraph 8 that "[r]eply declarations are disfavored. Opening declarations *should set forth all facts on points forseeably relevant to the relief sought. Reply papers should not raise new points that could have been addressed in the opening.*" (Emphasis added). *See, e.g., In re Graphics Processing Units Antitrust Litig.*, 253 F.R.D. 478, 501 (N.D. Cal. 2008) (striking improper expert reply declarations).

As this Court noted in *Graphics Processing Units*, "[t]he discovery and class certification schedule has been well-known for many months and was given to the parties with the express admonition that it would be faithfully followed. Slipping these new arguments into a rebuttal report was a clear-cut form of sandbagging and was simply unfair." 253 F.R.D. at 501. The same is true here, and the relevant portions of the Hartzell Reply Declaration (paragraphs 23 and 24, and the last sentence of 25) should not be considered. *See* Local Rule 7-3(d)(1).

**Objections to the Harnes Reply Declaration**

The Harnes Reply Declaration consists of more than five pages of argument concerning events that transpired during the deposition of one of plaintiff's witnesses, George Neville (and, to a lesser extent, the deposition of Lorrie Tingle). Diamond has already put the *entire* transcript from that deposition before the Court (attached as Exhibit 1 to the Declaration of Dean S. Kristy, dated April 11, 2013 [Dkt. 194-1]), and the Company made relevant legal arguments concerning that testimony in its opposition brief. *See* Opp. To Class Cert., filed Apr. 18, 2013 [Dkt. 193] at 2, 10-19. To the extent that plaintiff wanted to offer contrary legal argument based on that deposition, the appropriate place to do so was in its reply brief.

However, plaintiff chose not to make such argument in its reply brief, which – under Local

1  Rule 7-3(c) – is limited to 15 pages.  Nor did plaintiff make any effort to seek leave of Court to file
2  an oversized brief.  Instead, plaintiff has attempted to circumvent the applicable page limitations
3  by using the Harnes Reply Declaration to offer legal arguments regarding, among other things, the
4  relevance of Mississippi's Sunshine Act (Harnes Reply Declaration ¶¶ 4, 7, 9-12), whether the Act
5  pertains to "pay-to-play" concerns (*id*. ¶¶ 10, 11), the topics specified in Diamond's Rule 30(b)(6)
6  deposition notice (*id*. ¶ 4), the extent to which Mr. Neville's testimony goes to plaintiff's adequacy
7  (*id*. ¶¶ 9-10, 13-14), and the supposed irrelevance of certain questions directed to Mr. Neville and
8  Ms. Tingle (*id*. ¶¶ 4, 6, 7, 10, 15).  Indeed, the Harnes Reply Declaration explicitly purports to
9  respond to specific arguments contained in Diamond's opposition brief.  *Id*. ¶¶ 8, 11, 12, 13, 14
10 n.3.  A lawyer declaration is not the place for such argument, as Local Rule 7-5(b) expressly
11 provides.  *See* Local Rule 7-5(b) (lawyer declaration "must avoid argument" and "may be stricken
12 in whole or in part" if it does).

13  For the foregoing reasons, the Court should exclude paragraphs 23, 24 and a portion of
14 paragraph 25 of the Hartzell Reply Declaration, and the entirety of the Harnes Reply Declaration.

15 Dated:  April 23, 2013                         FENWICK & WEST LLP

16                                                By:      */s/ Dean S. Kristy*
17                                                         Dean S. Kristy
                                                  Attorneys for Defendant Diamond Foods, Inc.