
John F. Harnes (admitted *pro hac vice*)
Gregory E. Keller (admitted *pro hac vice*)
CHITWOOD HARLEY HARNES LLP
1350 Broadway, Suite 908
New York, New York 10018
Tel: (917) 595-4600
JHarnes@chitwoodlaw.com
GKeller@chitwoodlaw.com

Meryl W. Roper (admitted *pro hac vice*)
Ze'eva Kushner Banks (admitted *pro hac vice*)
CHITWOOD HARLEY HARNES LLP
2300 Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel: (404) 873-3900
Fax: (404) 876-4476
MRoper@chitwoodlaw.com
ZBanks@chitwoodlaw.com

Class Counsel for Plaintiff Mississippi Public
Employees' Retirement System

Richard M. Heimann
(State Bar No. 63607)
Joy A. Kruse
(State Bar No. 142799)
LIEFF CABRASER HEIMANN &
BERNSTEIN LLP
275 Battery Street, 29th Floor
San Francisco, California  94111- 3339
Tel: (415) 956-1000
Fax: (415) 956-1008
rheimann@lchb.com
jakruse@lchb.com

Class Counsel for Plaintiff Mississippi
Public Employees' Retirement System

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE DIAMOND FOODS, INC., SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>   All Actions | Case No.: 11-cv-05386-WHA<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DIAMOND'S OBJECTIONS TO THE REPLY DECLARATIONS OF DR. JAY HARTZELL AND JOHN F. HARNES RELATING TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date:         May 2, 2013<br>Time:        8:00 a.m.<br>Courtroom:  8, 19th Floor<br>Judge:        The Honorable William H. Alsup |

Plaintiff Mississippi Public Employment Retirement System ("MSPERS") submits

this reply to the Objections of Diamond Foods, Inc. ("Diamond" or the "Company"), to

the Declaration of John F. Harnes, dated April 18, 2013 (the "Harnes Declaration") and to

paragraphs 23, 24, and portions of paragraph 25 of the Declaration Dr. Jay Hartzell, also dated April 18, 2013 (the "Hartzell Declaration"). Diamond argues that the Hartzell Declaration raises new issues that could have been addressed in Dr. Hartzell's initial report, and objects to three paragraphs that discuss such issues. Diamond objects to the Harnes Declaration on the grounds that portions of it are purportedly argument, but seeks to strike it in its entirety. Both objections should be denied.

Diamond's Objections, particularly with respect to the Harnes Declaration, are yet another manifestation of its increasingly overworked tactic, reflected in Diamond's Opposition Brief, of coupling pedestrian facts with reckless accusations of malfeasance, at the same time omitting the fundamental step of providing some substantive link between the two. Thus, in this instance, Diamond characterizes broad swathes of the Harnes Declaration as "argument," and couples that with accusations that counsel is improperly seeking to circumvent page limitations, all the while eschewing any analysis as to why the overwhelming majority of the purportedly offending paragraphs, which inarguably do nothing more than recite facts with citations to the record, can even be remotely characterized as legal argument. Further, Diamond leaves unexplained how the Harnes Declaration, which addresses solely the factual issue of whether one witness, Mr. Neville, was "intemperate," can be characterized as an extension of Plaintiff's brief, where the brief itself argues that the issue of Mr. Neville's comportment has no significant bearing on MSPERS' adequacy, and, however resolved, has at most a *de minimis* effect on Plaintiff's motion. The entire Harnes Declaration, submitted solely to rebut malicious falsehoods directed at Mr. Neville, far from being an extension of Plaintiff's brief, is so peripheral to any legal issue that it could be stricken in its entirety without any discernible effect on Plaintiff's brief or its motion as a whole. However, Plaintiff cannot leave the

misrepresentation of the record and efforts to impugn Mr. Neville through improper characterization of his testimony unrebutted.  Accordingly, as discussed below, without conceding any impropriety, Plaintiff stipulates to strike any portion of the Harnes Declaration that can even be arguably characterized as legal argument, leaving only paragraphs that contain inarguably factual matters, and has submitted a revised version herewith.[1]  Accordingly, Diamond's Objections should be denied on the merits, or denied as moot.

A.     **THE HARTZELL DECLARATION**

With respect to the Hartzell Declaration, Diamond objects to two assertions contained therein:  (1) that damages will be calculated using an event study similar to the one submitted with Plaintiff's moving papers, and (2) that the event study, which demonstrated statistically significant declines on numerous days, including dates identified as corrective disclosure dates in the Complaint, was evidence that an event study could demonstrate damages on a class-wide basis.  Diamond suggests that it was "sandbagged" by these uncontroversial assertions.

With respect to the first assertion, Diamond's claim of surprise is unconvincing. Dr. Hartzell's declaration merely reiterated the identical assertion set forth in Plaintiff's moving papers ("Experts routinely prepare event studies to calculate to what extent the price of the stock was artificially inflated, and how much of the inflation was removed by the disclosure of the true facts." (Mot. at 20)).  Thus, Dr. Hartzell's first assertion in no way can be characterized as new; it differs only from the prior assertion in that it comes

---

[1] Copies of the Harnes Declaration, one reflecting the stricken portions in redlined format, and one reflecting the acceptance of the stricken portions, are annexed as Exhibits A and B to the Declaration of Meryl W. Roper in Support of Plaintiff's Response in Opposition to Diamond's Objections to the Reply Declarations of Dr. Jay Hartzell and John F. Harnes Relating to Plaintiff's Motion for Class Certification ("Roper Declaration").

from him.

With respect to Dr. Hartzell's second assertion, Diamond does not argue that he put any new evidence into the record demonstrating Plaintiff's ability to prepare an event study. Rather, in response to Dr. Kleidon's contention that Plaintiff had submitted no such evidence, Dr. Hartzell merely pointed to his previously submitted report and stated that Dr. Kleidon was wrong. That is a classic reply, and in no way constitutes new evidence.

**B.   THE HARNES DECLARATION**

Diamond's second contention is that the Harnes Declaration, which addressed factual assertions in Diamond's Opposition Brief that concerned Mr. Neville's deposition testimony, (1) contains legal argument and (2) circumvents the page limitations of the brief. Again, Diamond's Objection should be denied.

With respect to its first contention, Diamond's Objection is not premised upon any meaningful analysis of why the Declaration purportedly is "argument," or even one specific example thereof.[2] Instead, its "analysis" consists entirely of one sentence in which, in sweeping terms, it argues that, simply because the facts asserted in the Harnes Declaration purport to address legal issues, or, plumbing depths even lower, because such facts are asserted in response to factual assertions in a brief, they must necessarily be legal arguments. (Objections at 3). Diamond's argument could hardly be more simplistic (to put it charitably),[3] or its definition of "argument" more elastic. A discussion of facts remains a discussion of facts, whether submitted to address a legal argument or not; a

---

[2] Attached hereto as Exhibit C to the Roper Declaration is a table reflecting a paragraph by paragraph analysis of the Harnes Declaration.

[3] Arguably, every declaration or affidavit in every litigation is submitted to address the factual underpinning of a legal argument. If it did not, it would have no place in the litigation and would be subject to a motion to strike as irrelevant.

statement of facts submitted to rebut false factual assertions remains a statement of facts, whether the false assertions are contained in a brief or otherwise. Statements of facts are the appropriate province of declarations.

A review of the Harnes Declaration reveals that the overwhelming majority of its paragraphs contain nothing but assertions of fact, with appropriate citations to the record. Apart from a random clause or sentence, only two of the 16 paragraphs could conceivably be characterized as argument, paragraphs 10 and 15. Those paragraphs, for the most part, contain a description of arguments set forth in Diamond's brief or the scope of questions asked at depositions. Plaintiff intended this principally as factual background shedding light on Mr. Neville's "comportment," but recognizes that the mere act of describing Diamond's arguments can itself be deemed to be argument. Accordingly, it will stipulate to strike the relevant paragraphs, as well as certain isolated sentences and clauses elsewhere, as argumentative. The remaining portions of the Harnes Declaration should not be stricken. *See, e.g.*, *Daily Herald Co. v. Munro*, 758 F.2d 350, 355 n. 6 (9th Cir. 1984) ("I will disregard only the inadmissible portions of a challenged affidavit and consider the rest of it.").

Diamond's second contention is also easily addressed. Plaintiff did not circumvent any page limitations. In its brief, Diamond's argument with respect to Mr. Neville's testimony was: (1) that as a factual matter, Mr. Neville was "intemperate," refused to answer questions, assailed counsel, and insulted a Mississippi Supreme Court Justice and Diamond's counsel (Opp. at 17-18); and (2) that, as a legal matter, this purported conduct rendered MSPERS inadequate to act as class representative.

The Harnes Declaration properly addresses only the former, the brief only the latter. More pertinently, the brief argued that, legally, Mr. Neville's comportment was

irrelevant, and that Diamond had provided no authority for the suggestion that, whatever his comportment, it warranted denial of class certification. (Reply at 12-13). Thus, with respect to MSPERS' adequacy, the facts set forth in the Harnes Declaration do not affect the outcome of the motion in any significant way, and any discussion of those facts was mere surplusage.[4] The only effect would be on Diamond's efforts to stigmatize Mr. Neville unfairly and improperly.

Even if Diamond has identified any legal argument, the proper remedy would be to strike the pertinent passages, not the entire Harnes Declaration. Plaintiff has stipulated to strike any arguably argumentative material. Thus, Diamond's Objections are moot and should be denied.

Dated:  April 25, 2013                          Respectfully submitted,

                                                By: */s/ John F. Harnes*
                                                    John F. Harnes

---

[4] The relevance of questions, the topics identified, the extent to which Mr. Neville's testimony goes to adequacy, and the topics identified in Diamond's Rule 30(b)(6) Notice, all have no bearing on class certification whatsoever. Discussion of "pay-to-play" and House Bill 211 were deemed relevant by Diamond, but were extensively discussed in Plaintiff's Reply Brief. (Reply at 10-12). Plaintiff can hardly be accused of improperly seeking to add an argument that is already argued far more thoroughly in the brief.

|   |   |
|---|---|
| 1 | CHITWOOD HARLEY HARNES LLP |
|   | John F. Harnes (admitted *pro hac vice*) |
| 2 | Gregory E. Keller (admitted *pro hac vice*) |
|   | 1350 Broadway, Suite 908 |
| 3 | New York, New York 10018 |
|   | Tel.: (917) 595-4600 |
| 4 | JHarnes@chitwoodlaw.com |
|   | GKeller@chitwoodlaw.com |

Meryl W. Roper (admitted *pro hac vice*)
Ze'eva Kushner Banks (admitted *pro hac vice*)
2300 Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel: (404) 873-3900
Fax: (404) 876-4476
MRoper@chitwoodlaw.com
ZBanks@chitwoodlaw.com

*Class Counsel for Plaintiff Mississippi Public Employees' Retirement System*

LIEFF CABRASER HEIMANN & BERNSTEIN LLP

Richard M. Heimann
Joy A. Kruse
275 Battery Street, 29th Floor
San Francisco, California  94111- 3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
rheimann@lchb.com
jakruse@lchb.com

*Local Counsel for Plaintiff Mississippi Public Employees' Retirement System*

PLAINTIFF'S RESPONSE IN OPPOSITION TO DIAMOND'S OBJECTIONS TO REPLY DECLARATIONS OF HARTZELL AND HARNES
RELATING TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
No. 11-CV-05386-WHA
- 7 -