# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE DIAMOND FOODS, INC., SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>All Actions | Case No.: 11-cv-05386-WHA<br><br>~~[AMENDED PROPOSED] FINAL ORDER AND~~ JUDGMENT ~~APPROVING CLASS SETTLEMENT AND GRANTING MOTION FOR ATTORNEY'S FEES AND EXPENSES~~<br><br>**EXHIBIT B** |

This matter came before the Court for hearing pursuant to the Order of this Court, dated September 26, 2013, on the application of the Settling Parties for approval of the Settlement set forth in the Amended Stipulation of Settlement dated as of August 20, 2013 (the "Stipulation"). Full and adequate notice having been given to the Class as required in the Court's Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Class.

3.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable and adequate to Lead Plaintiff, the Class and each of the Class Members.  The Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations involving experienced counsel representing the interests of the Settling Parties and is in the best interest of the Class.  The Court further finds that the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions. This Court has been advised that Diamond Foods will rely on Section 3(a)(10) of the Securities Act of 1933, as amended, in connection with the issuance of shares of its common stock pursuant to the Settlement as set forth in the Stipulation, and this Court hereby finds that the issuance of shares of common stock of Diamond Foods, Inc. in accordance with the Stipulation, in partial consideration for the release set forth therein and herein, is fair to the Class and each of the Class Members.  Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects.  The Settling Parties are hereby directed to perform the terms of the Stipulation.

4.      Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class (identified in Exhibit 1 hereto), the Action and all claims contained therein, including the Released Claims and the Released Parties' Claims, are dismissed with prejudice as to Lead Plaintiff, together with its officers, directors, employees, agents and attorneys, and all other Class Members, and as against the Released Parties.  The Settling Parties are to bear their own fees and costs, except as otherwise provided in the Stipulation or this Order, or any separate order with

[AMENDED PROPOSED] FNAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
No. 11-CV-05386-WHA

- 2 -

respect to the application for an award of attorneys' fees or expenses pursuant to the Stipulation.

5. Pursuant to this Judgment, upon the Effective Date, Lead Plaintiff and each of the Class Members shall be deemed by operation of law to have, fully, finally and forever released, relinquished, waived, discharged and dismissed each and every Released Claim, and shall forever be barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any or all Released Claims, against any of the Released Parties.

6. Pursuant to this Judgment, upon the Effective Date, Defendants and each of the other Released Parties, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed by operation of law to have released, waived, discharged and dismissed each and every of the Released Parties' Claims, and shall forever be enjoined from prosecuting any or all of the Released Parties' Claims, against Lead Plaintiff, its officers, directors, employees, agents and attorneys, and all other Class Members.

7. The distribution of the Notice of Proposed Settlement of Class Action ("Notice of Proposed Settlement") and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law.

8. The Plan of Allocation submitted by Class Counsel and the portion of this order regarding any application for attorneys' fees and/or expenses or for reimbursement of Lead Plaintiff's costs and/or expenses shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

1      9.      Neither the fact and terms of the Stipulation, including exhibits,
2 negotiations, discussions, drafts and proceedings in connection with the Settlement, nor
3 any act performed or document signed in connection with the Settlement, shall be:
4           a.      offered or received against any of the Released Parties as
5 evidence of or construed as or deemed to be evidence of any presumption, concession or
6 admission by any of the Released Parties with respect to the truth of any fact alleged by
7 Lead Plaintiff or the validity of any claim that has been asserted in this Action or in any
8 litigation, or the deficiency of any defense that has been asserted in this Action or in any
9 litigation, or of any liability, negligence, fault or other wrongdoing of any kind of any of
10 the Released Parties;
11          b.      offered or received against any of the Released Parties as
12 evidence of a presumption, concession or admission of any fault, misrepresentation or
13 omission with respect to any statement or written document approved or made by any of
14 the Released Parties;
15          c.      offered or received against any of the Released Parties as
16 evidence of a presumption, concession or admission with respect to any liability,
17 negligence, fault or wrongdoing, or in any way referred to for any other reason as
18 against any of the Released Parties, in any other civil, criminal or administrative action
19 or proceeding, other than such proceedings as may be necessary to effectuate the
20 provisions of the Stipulation; provided, however, that the Released Parties may refer to
21 the Stipulation to effectuate the protection from liability granted them hereunder;
22          d.      construed against any of the Released Parties as an admission or
23 concession that the consideration to be given hereunder represents the amount which
24 could be or would have been recovered after trial; nor
25          e.      offered or received against Lead Plaintiff or the other Class
26 Members as evidence of any material fact in this Action or any other proceeding, any
27 infirmity in the claims of Lead Plaintiff or the other Class Members, or an admission,
28 concession or presumption against Lead Plaintiff or the other Class Members that any of

[AMENDED PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
No. 11-CV-05386-WHA
- 4 -

their claims are without merit or that any defenses asserted by the Defendants have any merit or that damages recoverable under the Action would not have exceeded the amount of the Settlement Fund.

10.  The Stipulation may be filed in an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein.  Class Members, Defendants and/or the other Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement or any term thereof and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining any applications for attorneys' fees and expenses in the Action, to the extent not fully disposed of by this Judgment; (d) hearing and determining any application for reimbursement of costs and expenses to Lead Plaintiff, to the extent not fully disposed of by this Judgment; and (e) all parties hereto for the purpose of construing, enforcing or administering the Stipulation and this Judgment.

12.  The Court approves the Plan of Allocation set forth in the Notice of Proposed Settlement.  Upon the Effective Date and thereafter, and after completion of the processing of all Claims by the Claims Administrator, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation.

13.  The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

15. As stated in the order dated January 10, 2014, The Court hereby awards Class Counsel attorneys' fees of $ 1,444,767.10 and  623,000  shares payable to Class Counsel from the Cash Settlement Fund and Settlement Shares, and $  633,375.35  for reimbursement of out-of-pocket expenses. Additionally, Lead Plaintiff shall receive $  10,000.00  as reimbursement for the costs and expenses incurred directly related to its prosecution of the case on behalf of the Class payable from the Cash Settlement Fund.

16. This Action is hereby dismissed in its entirety with prejudice.

17. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

Dated:  January 21 , 2014.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

[AMENDED PROPOSED] FNAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
No. 11-CV-05386-WHA