1  John F. Harnes (admitted *pro hac vice*)
   Gregory E. Keller (admitted *pro hac vice*)
2  CHITWOOD HARLEY HARNES LLP
   1350 Broadway, Suite 908                    Richard M. Heimann
3  New York, New York 10018                    (State Bar No. 63607)
   Tel.:   (404) 873-3900                      Joy A. Kruse
4  Fax:    (404) 876-4476                      (State Bar No. 142799)
   JHarnes@chitwoodlaw.com                     LIEFF CABRASER HEIMANN &
5  GKeller@chitwoodlaw.com                     BERNSTEIN LLP
                                               275 Battery Street, 29th Floor
6  1230 Peachtree Street, NE                   San Francisco, California  94111- 3339
   Suite 2300                                  Tel: (415) 956-1000
7  Atlanta, Georgia 30309                      Fax: (415) 956-1008
   Tel    (404) 873-3900                       rheimann@lchb.com
8  Fax:   (404) 876-4476                       jakruse@lchb.com

9  Counsel for Plaintiff Mississippi Public    Counsel for Plaintiff Mississippi Public
   Employees' Retirement System                Employees' Retirement System
10

11                          UNITED STATES DISTRICT COURT

12                         NORTHERN DISTRICT OF CALIFORNIA

13                              SAN FRANCISCO DIVISION

14

15  IN RE DIAMOND FOODS, INC.,          Case No.: 11-cv-05386-WHA
    SECURITIES LITIGATION               MODIFIED
16                                      [PROPOSED] ORDER FOR DISTRIBUTION
                                        OF CLASS SETTLEMENT FUND
17
                                        Date:       November 20, 2014
18  This Document Relates to:           Time:       8:00 a.m.
                                        Courtroom:  8, 19th Floor
19    All Actions                       Judge:      The Honorable William H. Alsup

**AND NOW,** this <u>16th</u> day of <u>October</u>, 2014, upon consideration of Lead Plaintiff's Unopposed Motion for Permission to Distribute Net Settlement Fund and the Memorandum and Points of Authorities in Support thereof in the above-captioned action (the "Distribution Motion") and the Declaration of Justin R. Hughes, Vice President of Class Actions for Kurtzman Carson Consultants, LLC ("KCC" or the "Claims Administrator") dated October 2, 2014 (the "Hughes Declaration"), and upon the Amended Stipulation of Settlement dated as of August 20, 2013 [Doc. No. 284] (the "Settlement Stipulation"), and upon the Order Granting Final Approval of Proposed Class Settlement and Granting in Part Attorney's Fees and Reimbursement of Expenses dated January 10, 2014 [Doc. No. 305] (the "Final Approval Order") and the Judgment dated January 21, 2014 [Doc. No. 316] (the "Judgment") approving the Settlement Stipulation, and upon all prior proceedings heretofore had herein and after due deliberation, it is hereby ORDERED as follows:

1. The administrative determinations of the Claims Administrator accepting the claims as indicated on the computer printouts submitted with and described in the Hughes Declaration and Exhibits E and F thereto, including claims submitted after February 28, 2014 up through September 16, 2014, are approved and said claims are hereby accepted.

2. The administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout submitted with and described in the Hughes Declaration and Exhibit D thereto are approved, and said claims are hereby rejected.

3. The Claims Administrator is authorized to process the electronic claim submitted on September 26, 2014, to determine the validity of such claim and any Recognized Loss associated with the claim, and, if approved by the Claims Administrator, to include such claim in the total Recognized Losses and make an appropriate pro-rata distribution to the claimant.  As a result of the late filing of the

claim, which would render the claim otherwise invalid, the claimant is not entitled to review of the Claims Administrator's determination with respect to validity and Recognized Loss.

4.  The Claims Administrator is directed to distribute the balance of the Settlement Fund in accordance with the Settlement Stipulation after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") to the Authorized Claimants listed on Exhibits E and F to the Hughes Declaration by calculating each Authorized Claimant's pro-rata allocation of the Net Cash Settlement Fund and Settlement Shares in the Net Settlement Fund determined by that Claimant's Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants.

5.  The Court authorizes distribution to Class Counsel of the stock component of the previously-awarded attorney's fees, reduced, if appropriate, to reflect the pro-rata sale of Settlement Shares to pay tax liabilities, with such distribution to occur at the same time the Settlement Shares are distributed to the Class. To the extent that more Settlement Shares are sold by the Escrow Agent prior to distribution than is necessary to satisfy estimated tax liabilities of the Settlement Fund, Class Counsel is entitled to receive its pro-rata share of the proceeds of the sale of Settlement Shares in excess of the amount necessary to fund tax liabilities. In the event that the Settlement Shares are sold or substituted for cash before distribution pursuant to a transaction under Paragraph 4.3 or 4.4 of the Settlement Stipulation, Class Counsel is entitled to receive the proceeds of the sale or substitution of the stock component of the attorneys' fee award at the time of the initial distribution of the Net Settlement Fund to Authorized Claimants.

6.  The Court authorizes payment from the Net Settlement Fund of up to an additional $50,000 for Notice and Administration Costs that are in excess of the $300,000 amount in the Class Notice and Administration Fund that was previously

approved by the Court.

7. The Court directs that the cash distributions to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY 60 DAYS AFTER ORIGINAL CHECK ISSUE DATE." The Court authorizes the Claims Administrator to take appropriate action to locate and/or contact any eligible claimant who has not cashed his, her or its distribution within said time.

8. The Court authorizes any Settlement Shares remaining in the Net Settlement Fund after the initial distribution to be sold, with the proceeds to be deposited into the Net Cash Settlement Fund, together with any balance remaining therein (whether by reason of tax refunds, un-cashed checks, or otherwise).

9. The Court also orders, pursuant to the Plan of Allocation previously approved by the Court, that after reasonable and diligent efforts have been made to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their initial distribution check, and if Class Counsel determine a re-distribution to be feasible and practicable, Class Counsel may direct any balance remaining in the Net Settlement Fund four (4) months from the date of the initial distribution of such funds to be distributed to Class Members who have cashed their initial distribution checks (if they received one) and who would receive at least $10.00 from such re-distribution and to any Authorized Claimant whose deficiency was cured or whose Recognized Loss was modified pursuant to supplemental information submitted to the Claims Administrator subsequent to the September 16, 2014 cut-off date, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If any funds remain in the Net Settlement Fund after such re-distribution, or if Class Counsel determine that a re-distribution is not feasible and/or practicable, then the remaining balance shall be contributed to the Boston College Innocence Project at

Boston College School of Law, a non-sectarian, not-for-profit, § 501(c)(3) organization.

10.     The Court also finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Settlement Stipulation and the Plan of Allocation approved by this Court and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

11.     The Court authorizes the Claims Administrator to discard paper or hard copies of the Proof of Claim forms and supporting documents one year after distribution of the Net Settlement Fund to the Authorized Claimants and electronic or magnetic media data three years after distribution of the Net Settlement Fund to the Authorized Claimants.

12.     The Court shall retain jurisdiction over any further application or matter that may arise in connection with this action, including, without limitation, certification by Class Counsel that the Settlement Fund has been completely distributed following a re-distribution of unclaimed funds, if one occurs, and a *cy pres* donation of the remainder, as provided in Paragraph 9 of this Order.

~~13.     The Court orders that no claim submitted after September 30, 2014 may be accepted or considered for any reason whatsoever.~~

DATED:     October 16     , 2014.             _____
                                              The Honorable William ~~H.~~ Alsup
                                              United States District Judge

~~PROPOSED~~ ORDER FOR DISTRIBUTION, No. 11-CV-05386-WHA

- 4 -